# Cox *et al v.* Boyleston.

### *Bill in Equity to Recover Lands.*

*Recovery of land; when remedy at law sufficient.*—A party not in posses-sion, but holding the legal title to land, has an adequate remedy at law, by ejectment, or the corresponding statutory action, to test the validity of the title of a party in possession and to recover the lands and damages for their detention.

APPEAL from the Chancery Court of Barbour.
Heard before the Hon. B. B. McCRAW.

In this cause, Victoria Boyleston, the complainant and appellee, sought to recover land in the Chancery Court, to which she shows legal title. The land had been conveyed to her by her father, while she was an infant, and while the father was a widower. The deed of conveyance was acknowledged and recorded soon after its execution. The father married again, and died, leaving a widow, who applied for dower, and the lands in question were so assigned. After the assignment of dower, said widow conveyed her interest to one Wm. E. Cox, one of the appellants, who alone was made defendant to the original bill. He answered showing that he had conveyed his purchase to his father, Emanuel Cox. The latter died and his estate passed into the hands of his widow, Mrs. Sarah Cox, as administratrix. The bill was then amended making the widow (not as administratrix), and the children, parties; but was afterwards amended making said widow a party as administratrix. The bill avers that said first sale to Cox was void, and no title was acquired under it, and that a sale to said Cox, made by her guardian through petition in the Probate Court, was void for frauds; (which the answer denies.) The defendants answered and demurred to the bill, alleging as a ground of demurrer that the bill is without equity, that the complainant has an adequate remedy at law. Upon final hearing the chancellor rendered his decree overruling the demurrer, and granting the prayer of the bill, ordering complainant to be put in possession, and that the deeds executed by said Wm. E. Cox be annulled and cancelled. Said decree is now assigned as error.

JERE N. WILLIAMS, for appellants.—1. The bill alleges that the sale by said administratrix, though null, casts a

[Cox et al. v. Boyleston.]

cloud upon her title. A void sale by an administratrix does not cast a cloud upon the title of the heirs.—*Posey v. Conaway*, 10 Ala. 811; *Florence v. Paschall*, June term, 1873.

2. The bill charges that the sale by the guardian was fraudulent. There is no proof of such allegation, and it is denied by defendants. Even if he was guilty of fraud he should have been made a party defendant, which was not the case. His doings as guardian can not be attacked in this way, while he still holds and is accountable for the trust, without making him a party.

M. B. WELLBORN, *contra.*—1. The deeds obtained by Wm. E. Cox from Joanna Anglin, the widow of F. Anglin, and from Thomas Anglin, the guardian of complainant, casts such a cloud upon the title of complainant that equity will take jurisdiction, if they are not void on their surface. Brick. Dig. p. 683, § 640. The maxim *caveat emptor* applies to the defendant, as he purchased at a sale made by a guardian.

2. Appellants can not complain that said guardian was not made a party to the bill.

BRICKELL, C. J.—Dismissing the consideration of all formal objections, or of all matter an amendment could cure, and of all irregularities which may have intervened in the mode of making, or bringing parties into court, it is simply impossible to support the decree of the chancellor.

The averments of the bill, supported by the evidence, are that the father of the appellee, before his second marriage, by deed conveyed to her the lands in controversy, clothing her with the legal estate. Her father having married and died, his widow, by proceedings in the court of probate, obtained an assignment of dower in these lands. The appellee is not in possession of the lands, and an action of ejectment, or the corresponding statutory action, furnishes her an adequate remedy to test the superiority of her title to that of the widow to whom dower was assigned, or of the alienee of the widow. When the title of the complainant is legal, and there is an adequate legal remedy for the redress of the injury complained, that a court of equity can not intervene, is an elementary principle.

The only other aspect in which the case is presented, is, for relief against the sale and conveyance of the lands, made by the guardian of the appellee under a decree of the court of probate. The jurisdiction of the court to order the sale

is not impeached; and if the allegations of the bill assailing the sale could be regarded as sufficient, they impeach it as. fraudulent on no other ground than that of collusion between the guardian and purchaser, the result of which was the price bid and paid for the lands was disproportionate to their value. If the averment is accepted most liberally for the appellee, no evidence was introduced to sustain it, and the answers deny its truth.

The decree of the chancellor must be reversed, and a decree here rendered dismissing the bills, original and amended, and the appellee and her next friend must pay the costs in this court, and in the court of chancery.