# Randolph *et al. v.* Brown.

*Bill in Equity by Surety on Bond of Probate Judge to be Subrogated to the Lien of the State.*

1. *Official bond of probate judge; subrogation of surety to lien of State; homestead exemption not available.*—A surety on the official bond of a defaulting probate judge, paying the amount of his principal's default, is entitled to be subrogated to the rights of the State or county, and to have the statutory lien created by the bonds enforced for his indemnity against his principal, co-sureties and purchasers with notice; and against such claim and lien of said surety the constitutional exemption of a homestead is not available, either to the defaulting official or a purchaser from him, since the probate judge, by becoming a defaulter to the State for moneys received by virtue of his office, which belonged to the State, is guilty of a wrongful conversion and a tort, against which exemptions can not be claimed.

2. *Same; wrongful conversion of funds a breach of the bond.*—A wrongful conversion by the probate judge of the moneys received by virtue of his office, which belonged to the State, though a tort, constitutes a breach of his official bond as prescribed by the statute (Code of 1886, §257), which is conditioned that he will "faithfully discharge the duties of such office during the time he continues therein, or discharges any of the duties thereof."

3. *Same; rights of purchasers from probate judge.*—The rights and interests acquired by purchasers from a probate judge are subordinate to the lien of his official bond as declared by statute (Code of 1886, §265) on his property, from the date of the execution of the bond; such purchasers being charged by law with notice of said statutory lien.

4. *Same; right of State to recover interest.*—Where a probate judge wrongfully converts money received by him by virtue of his office, which belongs to the State, he and his sureties on his official bond are liable, not only for the amount of money wrongfully converted, but also for interest thereon.

APPEAL from the City Court of Montgomery, in Equity. Heard before the Hon. DAVID T. BLAKEY, Special Judge.

[Randolph *et al.* v. Brown.]

The bill in this case was filed by the appellee, W. D. Brown, against the appellants, on November 30th, 1895. It avers that on the 2d day of August, 1886, F. C. Randolph was duly elected judge of probate for Montgomery county, Ala., and that on the 3d day of August, 1886, he executed an official bond in the penalty of $25,000, with complainant as one of the sureties thereon. That while acting as such judge under said bond said Randolph became a defaulter to the State of Alabama for moneys received by virtue of his office, belonging to said State, in the sum of $1,405.73. That on the 1st day of August, 1893, the State of Alabama brought suit on said bond against orator and C. T. Pollard as sureties thereon, in the circuit court of Montgomery county, and on the 30th day of November, 1895, a judgment was rendered in said suit against said defendants in said sum ; and that on the 30th day of November, 1895, complainant paid in full the amount of judgment and costs, amounting in all to $1,455.73, to said State of Alabama. That at the date of the execution of said bond said Randolph was the owner of certain real estate situated in the city of Montgomery, described in said bill, and on the 1st day of May, 1890, he and his wife executed a mortgage thereon to the Lombard Loan & Investment Company, a non-resident of the State, to secure a loan cotemporaneously made to him. That said mortgage was thereafter assigned to Lucy E. Prescott, and thereafter on the 21st of October, 1895, foreclosed under the power therein, and Chas. P. Nunn became the purchaser. That said Lombard Loan & Investment Co. and Lucy E. Prescott still had an interest in said property unknown to complainant. Said Randolph, said Investment Co. and said Lucy E. Prescott and Chas. P. Nunn were made parties defendant ; and complainant prayed that he might be subrogated to the lien of said State upon said property, and that it might be sold for the payment of the sum paid by him.

On the 8th day of April, 1896, the defendants, Lucy E. Prescott and Chas. P. Nunn, filed their answers to said bill incorporating therein the following pleas : 1st ''That said suit alleged in said bill was partly for certain sums alleged to have been received by said Randolph for the use of the State of Alabama and not paid to it, and partly for the sum of about four hundred dollars alleged in said suit to be due the said State as interest upon certain

[Randolph *et al.* v. Brown.]

other sums' of money not embraced in said suit which it was alleged had been collected by said Randolph and paid to it after the time they should have been paid, and defendants aver that said suit was for no part of the principal sums upon which said interest was claimed and alleged to be due ; that said principal sums upon which said interest was claimed were alleged to have been paid to the said State in full, and said suit as to said interest was for interest solely for the time between the date said sums should have been paid to said State and the time they were alleged to have been paid ; and they aver that said judgment alleged in said bill embraced said interest, and they are advised and aver that the payment of said judgment as to said interest vests no right in complainant to claim a lien upon said property for his re-imbursement as to the same."

2d. "That said suit by said State of Alabama against said complainant and said Pollard was an action *ex contractu* upon said bond for money alleged to have been collected by said Randolph for its use and not paid over to it, and for interest alleged to be due for certain other sums collected by said Randolph for its use and paid to it after the time the same should have been paid, and that the judgment alleged in said bill to have been obtained in said suit was a judgment *ex contractu* ; and they aver that the land described in said bill was at the time of the execution of said bond occupied by said F. C. Randolph as a homestead, that said Randolph was at said time a married man, and that said bond was never executed by nor with the consent of his wife in the manner provided by the constitution and laws of Alabama for the alienation of the homestead ; and defendants aver that said property was at said time and now is susceptible of division so as to carve a homestead therefrom including the dwelling thereon not exceeding at the time of the execution of said bond two thousand dollars in value."

3d. "Defendants adopt and incorporate the averments of plea No. 2, and aver that if said property was not at said time capable of said division that they are entitled to have two thousand dollars of the proceeds of any sale of said property under decree in this cause set apart to them unaffected by the lien of said bond."

These pleas were duly heard and considered, and on

[Randolph *et al.* v. Brown.]

the 17th day of October, 1896, a decree was rendered thereon as follows : ''The pleas put in by the defendant to the complainant's bill having been set down for argument as to their sufficiency by argeement of counsel for complainant and defendant, and the same having been argued and submitted by counsel for the parties, the court doth order, adjudge and decree that the said pleas are insufficient, and doth, therefore, order that the same be disallowed.''

From this decree this appeal is taken, and the said Lucy E. Prescott and Chas. P. Nunn, having been severed from the other defendants, assign as error the rendition of said decree.

HORACE STRINGFELLOW, for appellant. — It is well settled that interest can not be recovered when there is no principal due. Interest is not part of the debt, but something added to it by way of compensation for the detention of the debt.—*Stevens v. Barrington*, 13 Wend. 640 ; *American Bible Society v. Wells*, 28 Amer. Rep. 82.

2. The right to the homestead within the limits named is secured absolutely by the constitution itself, and the legislature can not reduce or impair it.—*Miller v. Marx*, 55 Ala. 335. The constitution provides that ''a mortgage or other alienation of the homestead by the owner thereof, if a married man, shall not be valid without the voluntary signature and assent of the wife to the same.''—Constitution, Art. X, § 2. The constitution is plain. Hence, ''it is in this court a settled question that a mortgage or other alienation of the homestead whatever may be its form, to which the voluntary assent is not manifested by her signature in some mode appointed by law, is invalid.''—*Jenkins v. Harrison*, 66 Ala. 361.

3. No lien created by contract, whether legal or equitable is valid as to the homestead without the signature and assent of the wife to the same as required by the constitution. It can not be said that a lien is not within the inhibition of the constitution unless it passes the legal estate. To so hold would be to destroy the purpose of the constitution and to restrict its inhibition to the manner of the enforcement of the lien. While it is the decree of a court of equity that gives effect to an equitable mortgage or lien, the decree is based upon the

[Randolph *et al.* v. Brown.]

valid assent of the parties in the contract creating it. A court of equity could not compel the wife to convey the title to a purchaser in the enforcement of the lien nor could it pass the title in indirect violation of the constitution by substituting its officer or other person to make conveyance for her.—*Jenkins v. Harrison*, 66 Ala. 345. The lien attached to the bond of a judge of probate is a lien by contract, as much as that of a mortgage would be, and operates as a mortgage would to a mortgagee, with the exception that it can be enforced as a specific lien only in a court of equity.—*County of Dallas v. Timberlake*, 54 Ala. 412; *Knighton v. Curry*, 62 Ala. 412; *Watts v. Eufaula Bank*, 76 Ala. 476. While the statute imposes the lien, yet it is the signing and the delivery of the bond that creates it, and no signature or assent of the wife is given thereto. It would seem, therefore, that the constitution clearly invalidates it as to the homestead within its limitations as to value.

JOHN G. FINLEY, *contra.*—The claim of the State of Alabama against Randolph and his sureties was for the conversion of the State's moneys in his hands as probate judge. "Against such liability the law has declared no exemptions of property."—*Vincent v. State*, 74 Ala. 284; *Schuessler v. Dudley*, 80 Ala. 550; *Newbold v. Smart*, 67 Ala. 326; *Callen v. Schuessler*, 86 Ala. 527; *County of Dallas v. Timberlake*, 54 Ala. 403; *Knighton v. Curry*, 62 Ala. 404.

COLEMAN, J.—The probate judge became a defaulter to the State of Alabama for moneys received by him by virtue of his office, which belonged to the State. The State sued upon the official bond of the judge, and recovered judgment against him and his sureties. This judgment was paid by W. D. Brown, one of the sureties, and he then filed the present bill, praying to be subrogated to the rights of the State. The only material question is, whether the claim to a homestead exemption is available to the defaulting official. That the constitutional exemption applies only as to "debts contracted," is clear from the constitution itself, and has been so declared many times. That a probate judge "who becomes a defaulter to the State of Alabama for moneys received by virtue of his office which belong to

[Randolph *et al.* v. Billing.]

said State," is guilty of a wrongful conversion of such moneys, and a tort, would seem to be too evident for reasonable controversy. The question is not an open one in this State.—Cr. Code of 1886, § 3805; *Schuessler v. Dudley*, 80 Ala. 547; *Vincent v. The State*, 74 Ala. 274.

The condition of the bond of the judge of probate is, "that he will faithfully discharge the duties of such office during the time he continues therein, or discharges any of the duties thereof."—Code of 1886, § 257. Section 265 of the Code declares "the bond of the judge of probate is a lien upon the property of the principal from the date of its execution."

The default of the probate judge as averred in the bill, was a breach of the condition of the bond, and none the less so, because the breach consisted in a tort.

Purchasers from the probate judge "are charged by law with notice of the lien, and can acquire no right or interest which is not subordinate to it."—*Knighton v. Curry*, 62 Ala. 404. There is no principle of law upon which the respondents' second and third pleas can rest. *Wright v. Jones*, 103 Ala. 539, and authorities *supra*.

We think the case of *The State v. Lott*, 69 Ala. 147, equally conclusive of the right of the State to recover interest upon the moneys wrongfully converted by the judge of probate.

The decree of the city court upon the pleas of respondents is in accordance with these views, and is in all respects affirmed.

Affirmed.


*Bill in Equity by Surety on Bond of Probate Judge to be Subrogated to the Lien of the State.*

