# Singleton, *et al.* v. United States F. & G. Co.

### Bill for Subrogation.

(Decided November 4, 1915.  70 South. 169.)

1. **Subrogation; Lien; Surety.**—A surety on the official bond of a probate judge who has paid to the state and county the amount of the default of his principal has a right to be subrogated to the rights of the county or state, and to enforce the lien in favor of the state and county, created by § 1491, Code 1907.

2. **Same; Complaint; Sum Alleged in Gross.**—Where the bill was by the bondsmen of a probate judge to subject land purchased from such judge to complainant's right to be subrogated to the lien of a county on property belonging to the judge, under § 1491, Code 1907, the bondsmen having reimbursed the county for money misappropriated by the judge, the allegation that the judge became indebted ·to the county  *  *  *  for moneys received  *  *  *  belonging to said county which he misappropriated  *  *  *, in the sum of $6,196.76, was sufficiently definite and need not have alleged the items constituting the amounts misappropriated.

3. **Same; Default; Payment of Surety.**—Where the principal defaulted in the payment of a sum misappropriated the surety was not bound to first submit to a suit and suffer judgment to be rendered against him before making payment under his obligation as surety in order to preserve his right to reimbursement from the principal.

4. **Corporations; Foreign; Pleading.**—The allegation that the surety company had complied with all the laws of the state  *  *  *  with reference to foreign corporations,  *  *  *  and was qualified to carry on its business in the state at the time when, etc., was a sufficient allegation of compliance with the laws of Alabama as to a non resident corporation before engaging in business in the state.

5. **Subrogation; Surety; Purchaser of Land From Principal; Parties.**—One who owned an undivided half interest in the land purchased prior to the execution of a bond was not a proper party to the suit of the surety praying to be subrogated to the rights of the county under § 1491, Code 1907, such surety having paid to the county a sum of money misappropriated by the judge, and seeking to subject land purchased from the judge subsequent to the execution of such bond of suretyship, as the section of the Code has no retroactive effect, and a. decree in conformity with the prayer of the bill could not affect such prior purchasing respondent.

[Singleton, et al. v. United States F. & G. Co.]

6. Same.—Such prior purchasing respondent is not a necessary party to the bill on the ground that, his interest in the land being undivided, the entire tract should be sold to satisfy a complainant's claim, as the bill seeks to subject to complainant's claim only the undivided half interest of a defendant who purchased after the bond was executed, and a decree in conformity thereto would not affect the interest of the prior purchasing respondent.

APPEAL from Bullock Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by the United States Fidelity & Guaranty Company against A. E. Singleton, former judge of probate, and others, for subrogation to the lien of the county on property belonging to said judge at the time of the execution of the bond. Decree for complainant and respondent appeals. Affirmed in part and in part reversed and remanded.

NORMAN & RAINER, R. E. L. COPE, and ERNEST L. BLUE, for appellant, COLEMAN & COLEMAN, for appellee.

GARDNER, J.—The complainant, surety upon the bond of one A. E. Singleton, formerly judge of probate of Bullock county, Alabama, files this bill against said Singleton and others hereinafter referred to, seeking to be subrogated to the lien of the county of Bullock upon an undivided one-half interest of the said Singleton in certain real estate described in the bill and alleged to have been owned by the said Singleton at the time of the execution of his official bond. There were made parties to the bill J. H. Rainer, Jr., S. P. Rainer, Hugh Foster, A. E. Singleton, and the British-American Mortgage Company. There appears to demurrer or answer of respondent Singleton. The other respondents each separately filed demurrers to the bill, which were by the court below overruled, and from which decree this appeal is prosecuted. Upon the submission here there was a severance in the assignments of error and each of said respondents assigned errors separately, each appearing by separate counsel. In this record, however, we find briefs only for appellants J. H. Rainer, Jr., and S. P. Rainer. There being no insistence therefore upon the assignments of error of the other appellants, under our uniform practice these are to be considered as waived, and need no further consideration here. Our attention therefore is to be directed to the assignments of error of appellants J. H. Rainer, Jr., and S. P. Rainer.

In the third paragraph of the bill it is alleged that said Singleton was duly elected judge of probate of Bullock county November 15, 1904, and that on said day he executed his official bond in the sum of $15,000, conditioned as required by law, which was also executed by complainant as surety, and that thereupon said Singleton entered upon the discharge of his duties as such judge of probate. In the succeeding paragraph it is alleged that, while said Singleton was engaged in his duties as judge of probate, and while complainant was on his official bond as surety, to quote the language of said paragraph: "The said A. E. Singleton became indebted to the county of Bullock, state of Alabama, for moneys received by virtue of his office belonging to the said county, which he misappropriated, and for which he never accounted, in the sum of to wit, $6,196.76; that, demand having been made on the said A. E. Singleton for the amount of said indebtedness, and he having wholly failed and refused to pay said indebtedness, your orator on, to wit, the 26th day of June, 1911, being bound therefor, as surety on the said official bond of A. E. Singleton, and in accordance with the terms of said bond, paid to the county of Bullock, state of Alabama, the sum of $6,196.76, in full payment of the amount of said indebtedness; that your orator has heretofore made demand upon the said A. E. Singleton for the amount of said indebtedness so paid for him as surety on his official bond; that the said A. E. Singleton has failed and continues to fail to reimburse your orator for the amount of said indebtedness so paid by it as surety on his official bond; that by reason of the payment of said indebtedness your orator became subrogated to all the rights, statutory and otherwise, of Bullock county, against A. E. Singleton, and thereby became invested with the right to enforce the lien given by the statutes of Alabama in favor of said Bullock county against any lands or interest in lands that were owned by A. E. Singleton after the execution of his said official bond upon which your orator was surety, and after entering upon the discharge of his duties as judge of probate of Bullock county."

In the fifth paragraph of the bill a large tract of land situated in Bullock county is described as having been owned by said A. E. Singleton prior to the execution of said bond, and also a small tract of land situated in Macon county, Ala. It is further shown in said paragraph that prior to the execution of said bond, to

wit, in June, 1903, the said Singleton deeded to respondent J. H. Rainer, Jr., an undivided one-half interest in said property, and that at the time of the execution of said bond with complainant as surety thereon the said Singleton was only the owner of an undivided one-half interest in said property, subject to a mortgage which had been executed to the British American Mortgage Company prior to the execution of said bond. Said paragraph further shows that after the execution of said bond, and while the same was in full force and effect, the said Singleton, on the 17th day of October, 1907, deeded his remaining undivided one-half interest in said property to appellant S. P. Rainer. The purpose of the bill, as previously stated, is that the complainant be subrogated to the lien of the county upon this undivided one-half interest of said Singleton deeded to said S. P. Rainer at a time when said bond was in full force and effect.

Appellant S. P. Rainer attacked the sufficiency of the bill by several assignments of demurrer, only a few of which appear to be insisted upon by his counsel in brief on this submission.

Section 1491 of the Code of 1907 reads as follows: *"Bond a Lien.*—The bond of the judge of the probate court, of the county clerk, of the sheriff, of the clerk of the city or circuit court, of the tax assessor, of the tax collector, and of the county treasurer, is a lien upon the property of the principal from the date of its execution."

It has been held in this state that this lien is enforceable only in a court of equity (*Jackson County v. Derrick*, 117 Ala. 348, 23 South. 193), and that purchasers from the probate judge "are charged by law with notice of the lien, and can acquire no right or interest which is not subordinate to it."—*Randolph v. Brown*, 115 Ala. 677, 22 South. 524.

In *Schuessler v. Dudley*, 80 Ala. 547, 2 South. 526, 60 Am. Rep. 124, is the following: "It has been settled by this court that, where the surety of a tax collector makes good the default of his principal, even before judgment rendered for such default, he is entitled to be subrogated, on equitable principles, to the rights of the state or county, and to have the lien of the bond created by this statute in favor of the state or county enforced for his own indemnity against the principal, the cosureties, and the purchasers from them, who have notice of the existence of such lien."

(1) It is quite clear that the surety on the official bond of the probate judge, being required to pay to the state or county the amount of his principal's default, has a right to be subrogated in a court of equity to the rights of the county or state, and therein enforce the lien which exists by virtue of statute in favor of said state or county.—*Knighton v. Curry,* 62 Ala. 404; *Randolph v. Brown,* 115 Ala. 677, 22 South. 524; *Schuessler v. Dudley, supra; Watts v. Eufaula Bank,* 76 Ala. 474; *Randolph v. Billing,* 115 Ala. 682, 22 South. 468; 3 Pomeroy's Eq. Jur. § 1419. The equity of the bill is therefore well established.

(2, 3) It is insisted by counsel for S. P. Rainer that the bill was defective in failing to allege more in detail as to the items that constitute the amount charged to have been misappropriated by the officer. We have copied herein the larger portion of the fourth paragraph of the bill, which deals with this question, and we are of the opinion that under the authority of *Self v. Blount County,* 124 Ala. 191, 27 South. 554, the averments in this respect are sufficiently definite and certain, and that the bill is not subject to this assignment of demurrer taking the point that the bill shows a mere voluntary payment on the part of the complainant are not well taken, and that the portion of the paragraph herein quoted sufficiently so demonstrates. There existed no necessity on the part of the complainant to first submit to a suit and suffer judgment to be rendered.—*Knighton v. Curry,* 62 Ala. 404.

(4) It is next insisted that the bill fails to show that the complainant had complied with the laws of Alabama as required by a nonresident corporation before engaging in business in this state. The first paragraph of the bill reads as follows: "That it is a corporation organized and existing under the laws of the state of Maryland, with its principal office and place of business in the city of Baltimore, state of Maryland, and that one of the purposes for which it was organized was the making, as surety, of official and other bonds for public officers and private persons; that it has complied with all the laws of the state of Alabama with reference to foreign corporations engaged in the business in which your orator is engaged, and is qualified to carry on its business in the state of Alabama, and was so qualified in November, 1904, at the time it became surety on the official bond of A. E. Singleton, as judge of probate of Bullock county, Ala., here-

inafter referred to, and has been so qualified from that time on down to the present time."

The case of *Sloss Steel & Iron Co. v. Maryland Casualty Co.,* 167 Ala. 557, 52 South. 751, is an authority directly in point sustaining the averments of the bill in this respect as sufficient.

(5) We have here treated all the assignments of demurrer which have been deemed by counsel for appellant S. P. Rainer as of sufficient merit to warrant discussion in their brief. The remaining question to be considered relates to the assignments of demurrer of appellant J. H. Rainer, Jr.

It is to be noted that the bill shows that said appellant purchased from respondent Singleton the undivided one-half interest in the real estate described in the bill (the bona fides of which purchase is not questioned) some time prior to the execution of said bond and prior to his election as judge of probate of Bullock county. The bill shows that the interest of said J. H. Rainer, Jr., is not sought here to be affected or in any manner disturbed, but it appears to be recognized that the only interest which could be affected by a decree in this cause would be the remaining undivided one-half interest of said Singleton, which he owned at the time of the execution of said bond, and which was subsequent to the execution of said bond, conveyed to appellant S. P. Rainer. That the interest of said J. H. Rainer, Jr., cannot be in any manner affected or disturbed under the averments of the bill by any decree rendered in this cause is recognized fully by the learned chancellor, as shown in his opinion which appears in this record.

It has been held in this court that the statute hereinabove referred to has no retroactive effect and exerts no influence upon independent transactions occurring prior to the execution of the bond.—*Randolph v. Billing,* 115 Ala. 682, 22 South. 468.

In *Jones v. Caldwell,* 116 Ala. 364, 22 South. 456, is the following quotation: "It is only persons who have a right or interest, legal or equitable, in the subject-matter of the controversy which may be affected by decree who can be made parties to a suit in equity. Persons as to whom no decree can be rendered on a hearing ought not to be made parties."

The same quotation is also found in *Keith v. McCord,* 140 Ala. 402, 37 South. 267. To the same effect is the following language taken from the case of *Freeman v. Stewart,* 119 Ala. 158, 24

[Singleton, et al. v. United States F. & G. Co.]

South. 31: "And as no interest of theirs can be affected by this proceeding, as indeed no interest of theirs is or can become interested in this litigation, it is inconcenviable that any necessity or occasion can exist or arise for making them parties to the bill. This is the logical view; and the authorities support it."

See, also, *Bolling v. Pace,* 99 Ala. 607, 12 South. 796; *Espalla v. Touart,* 96 Ala. 137, 11 South. 219; Sim's Chancery Practice, § 141.

(6) Insistence is made that the said appellant J. H. Rainer, Jr., is a proper party because of the fact that his interest is an undivided one-half interest in the lands, and that therefore in a sale of the property the entire title should be sold. The bill, however, contains no averments which would in the least justify a sale of the entire property, and, indeed, it is quite apparent that such is not its purpose, but that it is filed to subject only the undivided one-half interest of Singleton in and to the land. In the undivided interest of Singleton appellant J. H. Rainer has no interest, and is not concerned as to its disposition. The interest of this appellant is in no manner affected by any decree that can be rendered in this cause. No decree is here sought to be rendered against this appellant, and none against his interest in said property. He is therefore without interest, legal or equitable, in the subject-matter of this controversy, and we are of the opinion that the complainant could not properly draw him into the litigation merely because he is alleged to have owned an undivided one-half interest in the real estate, but which, however, is superior to and unaffected by any lien here sought to be enforced.

The conclusion therefore follows that this assignment of demurrer of said appellant J. H. Rainer, Jr., was, in our opinion, well taken, and should have been sustained.

The decree of the chancellor in overruling the demurrer of appellant J. H. Rainer, Jr., will be reversed as to him, and affirmed as to the other appellants.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.