(90 South. 296)

**UNITED STATES FIDELITY & GUARANTY CO. v. SINGLETON et al.  (4 Div. 932.)**

(Supreme Court of Alabama.  Oct. 13, 1921.)

1. Mortgages ⬤418 — Junior incumbrancer cannot enforce incumbrance of senior.

A junior incumbrancer will not be permitted to go into equity to enforce a senior incumbrance and his own, for the payment first of the demand of the senior, and next of his own; his remedy being to redeem the land from the senior incumbrance and then proceed to enforce his lien.

2. Subrogation ⬤41 (4)—Senior mortgagee not proper party defendant to action to be subrogated to junior lien.

In an action against a county for subrogation to lien of county on property belonging to an officer at the time of the execution of his official bond, and to obtain a sale, a mortgagee having a senior lien could not be made a party defendant without his consent.

3. Equity ⬤272—Amendment after demurrer held ineffective because resting on status arising after bill was filed.

In action to be subrogated to lien of county on property of an officer at the time he executed his official bond, and to have the property sold to satisfy the lien, wherein one having senior mortgage lien was improperly made a party defendant and demurred, a subsequent amendment of the bill, whereby plaintiff submitted itself to the jurisdiction of the court and offered to pay off such incumbrances as the court might decree to be prior to its lien, was not an answer to the demurrer, as the equity of the bill must rest upon the status of the parties and facts existing at the time the bill was filed.

4. Equity ⬤232—Fact that bill was improperly brought against one defendant did not warrant sustaining of demurrer of another.

In an action to be subrogated to and enforce a lien on land existing in favor of a county because land belonged to officer at the time of execution of his official bond, the fact

that the demurrer of a senior mortgagee was sustained, in that such mortgagee was not a proper party defendant, could not be taken advantage of by one who purchased the property subsequent to the execution of the official bond, and his demurrer was erroneously sustained.

Appeal from Circuit Court, Bullock County; J. S. Williams, Judge.

Bill by the United States Fidelity & Guaranty Company against A. E. Singleton and others. From a decree sustaining demurrers to the bill, the complainant appeals. Affirmed in part and reversed and remanded in part.

Coleman, Coleman & Spain, of Birmingham, for appellant.

Complainant has the right of subrogation, and this can be enforced only in a court of equity. 195 Ala. 506, 70 South. 169; 117 Ala. 348, 23 South. 193; 115 Ala. 682, 22 South. 468; 80 Ala. 547, 2 South. 526, 60 Am. Rep. 124. A junior incumbrancer is not required to pay off prior liens, but may go into equity to have his lien established and enforced, subject to prior incumbrances. 4 Ala. 477; 34 Ala. 95; 65 Ala. 617; 78 Ala. 201; 99 Ala. 607, 12 South. 796; 109 Ala. 430, 20 South. 136; 168 Ala. 404, 53 South. 71.

Norman & Rainer and R. E. L. Cope, all of Union Springs, for appellees.

The British-American Mortgage Company is not a proper party. 86 Ala. 199, 5 South. 298. No right is shown in complainant to compel the senior mortgagee to foreclose its mortgage. 130 Ala. 234, 30 South. 614, 55 L. R. A. 547, 89 Am. St. Rep. 30; 195 Ala. 506, 70 South. 169; 115 Ala. 682, 22 South. 468. Complainant's remedy is to redeem from prior mortgage. 78 Ala. 203.

GARDNER, J. Upon the former appeal in this cause (Singleton v. U. S. F. & G. Co., 195 Ala. 506, 70 South. 169) only the demurrers of S. P. Rainer and J. H. Rainer, Jr., were argued and considered. Subsequent to the rendition of that opinion the bill was amended by eliminating J. H. Rainer, Jr., as a party to the cause, and in other respects hereinafter mentioned. The British-American Mortgage Company and S. P. Rainer filed additional demurrers to the bill as amended, and from the decree sustaining these demurrers the complaint prosecutes this appeal.

The complainant filed this bill as surety upon the bond of A. E. Singleton, formerly judge of probate of Bullock county, seeking to be subrogated to the lien of said county upon an undivided one-half interest of said Singleton in the real estate described in the bill, and thus be reimbursed for the sum paid by complainant to the county in satisfaction of the indebtedness due by Singleton as judge of probate thereto, and to this end a sale of the real estate is sought. For a more detailed statement of facts reference is made to the opinion on former appeal.

The bill shows that said Singleton, prior to the execution of his official bond, had executed a mortgage upon the real estate here involved to the British-American Mortgage Company, which was promptly and duly recorded, outstanding and unpaid at the time of the filing of this bill. The validity of this mortgage is not questioned, but the bill recognizes that the lien to which complainant seeks to be subrogated is subject to this prior mortgage. The demurrer of the British-American Mortgage Company takes the point that the bill fails to show that complainant paid, or offered to pay, the indebtedness due under this respondent's prior mortgage, or any excuse for failing to do so, and this presents the pivotal question for decision.

[1] We are of the opinon that the demurrer was well taken. "It is a principle well settled in this court, under our recent decisions, that a junior incumbrancer will not be permitted to go into equity to enforce the incumbrance of the senior and his own, for the payment, first, of the demand of the senior, and, next, his own. His remedy is to redeem the land from the senior incumbrance, and then proceed to enforce his lien upon the land for his reimbursement of the redemption money, and the satisfaction of his own demand." Mims v. Cobbs, 110 Ala. 577, 18 South. 309. See also, Kelly v. Longshore, 78 Ala. 203; Randolph v. Billing, 115 Ala. 682, 22 South. 468; Threefoot Bros. v. Hillman, 130 Ala. 244, 30 South. 513, 89 Am. St. Rep. 39. This is the generally recognized rule, as appears from section 1439, 2 Jones on Mortgages, and citations thereto.

The case of City Bank & Trust Co. v. Leonard, 168 Ala. 404, 53 South. 71, cited by counsel for appellant, does not in any manner militate against the conclusion here reached and, in fact, the opinion there quotes liberally from the above-cited section of Jones on Mortgages, which, as previously noted, fully supports this view.

[2] Any decree rendered, under the facts set forth in the bill, could not in any manner affect the prior incumbrance of this respondent, and it could not therefore be brought into litigation against its consent. Hambrick v. Russell, 86 Ala. 199, 5 South. 298; Jones v. Caldwell, 116 Ala. 364, 22 South. 456; West v. Henry, 185 Ala. 168, 64 South. 75.

[3] By an amendment to the bill, the complainant submits itself to the jurisdiction of the court, and, in the event the court so decrees, offers to pay off such incumbrances as the court may decree to be prior to its lien; but at the time of the filing of the bill, the respondent was an improper party, as previously disclosed, and this amendment therefore does not suffice as an answer to the as-

signment of demurrer just discussed, for the equity of the bill in this respect rests upon the status of the parties and facts existing at the time the bill was filed. The question here considered upon these assignments of demurrer was not presented, argued, or given consideration upon the former appeal, and is properly now here for determination. The demurrer of the British-American Mortgage Company was properly sustained.

[4] We are of the opinion, however, that respondent S. P. Rainer was not in position to take advantage of this objection to the bill. He is shown to have purchased the interest of Singleton in the land subsequent to the execution of this official bond, and he was therefore a proper party to the cause. The bill had equity for the establishment of the lien, and complainant's right to subrogation as well as the enforcement of the lien by a sale of the interest of said Singleton (subsequently acquired by respondent Rainer) in the land.

The defective feature here pointed out relates to the prior incumbrance of respondent British-American Mortgage Company, and, so far as the averments of the bill disclose, does not concern respondent Rainer. He is a proper and indeed a necessary party for the purposes as above stated, and his demurrer should have been overruled. It results, therefore, that so much of the decree which sustains the demurrer of respondent British-American Mortgage Company is correct and will be affirmed, but in so far as the same sustains the demurrer of respondent Rainer is erroneous. The costs of this appeal will be paid, one-half by appellant, and the remaining half by appellee S. P. Rainer.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.