### YARBROUGH et al. v. HIGHTOWER et al.
### (8 Div. 581.)

(Supreme Court of Alabama. April 10, 1924. Rehearing Denied May 15, 1924.)

**1. Taxation ⬅➡546—Tax collector is de jure, though failing to file bond within 15 days after election.**

A tax collector failing to file his bond within 15 days after election as required by Code 1907, § 1495, was nevertheless a de jure collector as General Revenue Law, §§ 143, 144, remove him from the operation of section 1495.

**2. Judgment ⬅➡572(2)—Former decree held not to create estoppel as against amended petition.**

Decree confessing demurrers to the original bill, granting complainant leave to amend, and continuing the cause created no estoppel, res judicata, nor judicial admission as against the amended bill setting up the same general equity.

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Bill in equity by L. C. Hightower and others against C. A. Yarbrough and others, seeking subrogation to the lien of the state and county upon real estate. From a decree overruling demurrer to the amended bill, respondents appeal. Affirmed.

To the bill as originally filed respondents separately demurred. The decree entered September 22, 1922, recites that—

"The complainants confess the defendants' demurrer; and, on motion, it is ordered by the court that complainants be allowed 15 days in which to amend their bill of complaint, and it is ordered that the cause be continued."

Thereafter the bill was amended. Respondents separately demurred thereto. On April 25, 1923, a decree was entered, overruling demurrers, and from that decree this appeal is taken.

E. W. Godbey, of Decatur, for appellants.

The bond not having been filed until six months overdue, the office and the succession became vacant; the officer elect lost his status as such, and the belated bond was not a lien but a mere common-law obligation. Hall v. Commonwealth, 8 Bush (71 Ky.) 378; City of Mt. Vernon v. Brett, 193 N. Y. 276, 86 N. E. 6; Monts v. Stephens, 43 Ala. 217; Gile v. Atkins, 93 Me. 223, 44 Atl. 896, 74 Am. St. Rep. 341. By failing to seasonably qualify, Robison later was a mere usurper, without any form, ceremony, or adjudication. Beebe v. Robinson, 52 Ala. 66; State v. Tucker, 54 Ala. 205; Rounds v. City of Bangor, 46 Me. 541, 74 Am. Dec. 469; Fox v. McDonald, 101 Ala. 51, 13 South. 416, 21 L. R. A. 529, 46 Am. St. Rep. 98. Complainants conspired with Robison to unlaw-

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 95 South. 191.

fully seize the office which he had forfeited by signing the bond and recommending him to the public, are themselves guilty of his usurpation, do not come with clean hands, and are not entitled to the equity of subrogation. Galliland v. Williams, 181 Ala. 173, 61 South. 291; Williamson & McArthur v. Woolf, 37 Ala. 298; Ilo Oil Co. v. Ind. etc. Co., 174 Ind. 635, 92 N. E. 1, 30 L. R. A. (N. S.) 1057; Gluck v. Cox, 90 Ala. 331, 8 South. 161; Trible v. Nichols, 53 Ark. 271, 12 S. W. 796, 22 Am. St. Rep. 190. It is only a party with an equity that can invoke the application of the doctrine of subrogation, and not a wrongdoer. Randolph v. Billing, 115 Ala. 682, 22 South. 468-470; Emmert v. Thompson, 49 Minn. 386, 52 N. W. 31, 32 Am. St. Rep. 566.

Coleman, Coleman, Spain & Stewart, of Birmingham, and R. B. Patton, of Athens, for appellees.

The failure of an officer to file bond within time required by statute, without more, does not vacate the office; the time set for filing bond is directory and not mandatory. Dithmar v. Bunnell, 131 Wis. 198, 110 N. W. 177, 11 Ann. Cas. 560; Commissioners, etc., v. Johnson, 124 Ind. 145, 24 N. E. 148, 7 L. R. A. 684, 19 Am. St. Rep 88; Speake v. U. S., 9 Cranch, 28, 3 L. Ed. 645; State v. Churchill, 41 Mo. 41; State v. County Court, 44 Mo. 230; City of Chicago v. Gage, 95 Ill. 593, 35 Am. Rep. 182; State v. Toomer, 7 Rich. (S. C.) 216; Launtz v. People, 113 Ill. 137, 55 Am. Rep. 405; Massey v. People, 201 Ill. 409, 66 N. E. 392; Knox v. Johnson, 124 Ind. 145, 24 N. E. 148, 7 L. R. A. 684, 19 Am. St. Rep. 88; Sprowl v. Lawrence, 33 Ala. 674. A surety on the bond of the tax collector, paying the amount of his principal's default, is entitled to be subrogated to the rights of the state and county, and to have the statutory lien created by the bond enforced for his indemnity against the principal. Knighton v. Curry, 62 Ala. 404; Schuessler v. Dudley, 80 Ala. 547, 2 South. 526, 60 Am. Rep. 124; Randolph v. Brown, 115 Ala. 677, 22 South. 524; Randolph v. Billing, 115 Ala. 682, 22 South. 468; Turner v. Teague, 73 Ala. 554; Cummings v. May, 110 Ala. 479, 20 South. 307; Watts v. Eufaula Bank, 76 Ala. 474; Jackson County v. Derrick, 117 Ala. 348, 23 South. 193; Singleton v. U. S. F. & G. Co., 195 Ala. 506, 70 South. 169.

BOULDIN, J. The bill is filed for subrogation. The case made by the bill is this:

At November election, 1916, E. C. Robison was duly elected tax collector of Limestone county. On July 6, 1917, he made and filed in the office of the judge of probate his official bond in due form, which was duly approved and recorded. These complainants were sureties on the bond. On the same date he took the oath of office required by law. He entered upon the duties of the office October 1, 1917, and served the full term ending September 30, 1921.

Thereafter it was duly ascertained that the collector was in default, and these complainants, as sureties, were required to pay the shortage. They seek to be subrogated to the lien of the state and county and to enforce the same upon certain real estate owned by said Robison during his term of office. The respondents are vendees and subvendees of Robison.

The appeal is from a decree overruling demurrers to the bill as amended.

The question presented by assignments of error and mainly stressed in argument may be thus stated:

[1] The law required the official bond of the tax collector to be filed in office of the judge of probate within 15 days after his election in November, 1916. Code 1907, § 1495. The failure to file the bond within the time fixed by law vacated the office. Code 1907, § 1498. On this premise it is argued that Robison vacated and lost all right to the office, that his subsequent assumption of the duties of the office was wrongful, a mere usurpation; that his bond was not a statutory bond and created no lien on his property, unless by way of estoppel in favor of the state and county; that the sureties were joint wrongdoers in executing a bond in aid of the usurpation of a public office; that their loss resulted from their own wrong, and hence they do not come into equity with clean hands.

We need not pass upon the soundness of this position for the following reasons:

Section 2160, Code 1907, codifying Acts 1903, p. 370, made the term of office of the tax collector to begin on the first day of August next after his election.

Section 2161, Code 1907, as amended by the Code committee, required his bond to be filed on or before the first day of July next after his election.

The General Revenue Law of 1915 (Acts 1915, p. 386) re-enacted and amended section 2160, Code 1907, so as to make the term of office of the tax collector begin on the first day of October next after his election, and extend the terms of those in office to October 1, 1917. Gen. Acts 1915, § 143, p. 447. Section 2161, Code 1907, was also re-enacted and amended so as to require the bond of the tax collector to be filed on or before the first day of September next after his election. Gen. Acts 1915, § 144, p. 447. These statutes remove the tax collector's bond from the provisions of section 1495, Code 1907. We hold that tax collector Robison was an officer de jure, and that the sureties on his bond have all the rights of subrogation arising in such cases in equity. Randolph v. Brown, 115 Ala. 677, 22 South. 524;

Randolph v. Billing, 115 Ala. 682, 22 South. 468; Cummings v. May, 110 Ala. 479, 20 South. 307; Knighton v. Curry, 62 Ala. 404; Singleton v. U. S. F. & G. Co., 195 Ala. 506, 70 South. 169.

[2] The former decree confessing demurrers to the original bill, granting leave, on complainants' motion, to amend, and continuing the cause, creates no estoppel, res adjudicata, nor judicial admission as against the amended bill setting up the same general equity in amended form.

The decree of the court below is affirmed. Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.