186 So. 687

**BUTLER v. WILSON et al.**

8 Div. 956.

Supreme Court of Alabama.

Feb. 16, 1939.

J. A. Lusk & Son, of Guntersville, and H. D. Finlay, Jr., of New Orleans, La., for appellees.

Street & Orr, of Guntersville, for appellant.

314

GARDNER, Justice.

The suit was originally an action of ejectment by Jesse A. Wilson against George Butler to recover certain lands described in the complaint and embraced in a mortgage executed by said Butler, the owner, and his wife, to the Federal Land Bank of New Orleans. This mortgage was foreclosed, the bank becoming the purchaser. Thereafter, in May, 1936, the bank conveyed the property to said Wilson, and this constitutes the chain of title upon which Wilson, the plaintiff in the ejectment, relies.

Pending the ejectment suit Wilson learned that Butler's defense was that the property constituted his homestead, less in value and area than allowed by the exemption laws of this State, and that the mortgage to the Federal Land Bank was void because of the fact that his wife, joining in the mortgage and making separate acknowledgment thereto as required by law, was insane at the time of its execution.

That this was a good defense is not here controverted. Thompson v. New England Mortgage Sec. Co., 110 Ala. 400, 18 So. 315, 55 Am.St.Rep. 29.

Wilson, as plaintiff in the ejectment suit, thereupon moved the court for a transfer of the cause to the equity docket, setting up his chain of title, and that the Federal Land Bank had in good faith advanced one thousand dollars to the mortgagor on the strength of the mortgage security, and that there existed the right of restitution to be made either to himself or to the bank for his use. Plaintiff then moves that the transfer be made in order that he might enforce this equitable right of restitution.

Defendant's demurrer to this motion was overruled, and an order entered transferring the cause to the equity docket where a final decree was rendered granting relief prayed in the bill then filed in conformity to the theory of the motion to transfer as above outlined. The appeal is from this final decree, and the ruling on the motion is here properly assigned for error and reviewable. Holder v. Taylor, 233 Ala. 477, 172 So. 761.

We are of the opinion the transfer of the cause to the equity docket is based upon a misconception of the rule as to the matter of restitution. Plaintiff in ejectment suit had no such right. Our Code sections (6822, 6823, Code of 1923) are without application as disclosed by the following excerpt from Hall v. Britton, 216 Ala. 265, 113 So. 238: "It is the settled law in this state that the insanity of the wife who joins with her husband in the alienation of the homestead renders the conveyance entirely void: such a conveyance not being within the protection given to bona fide purchasers of land from insane persons under sections 6822 and 6823 of the Code." And to like effect is Sumners v. Jordan, 220 Ala. 402, 125 So. 642.

It is clear enough, therefore, that plaintiff Wilson, in the ejectment suit, possessed no right of restitution.

Nor do we find the case of Janney v. Buell, 55 Ala. 408, in any manner sustains plaintiff's insistence here. That authority merely recognizes the jurisdiction of the equity court in instances where the legal remedies are inadequate for the enforcement or protection of an "acknowledged right," to use the language of the opinion, but repudiates any theory of equity jurisdiction for the establishment of a right that previously did not exist. The Janney case but reiterates the well established principle that inadequacy of a remedy at law is the foundation stone upon which equity jurisprudence rests. Price v. Hall, 226 Ala. 372, 147 So. 156; Bullard Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1.

Reduced to its last analysis, plaintiffs' contention is simply this: That had defendant mortgagor filed a bill to cancel the mortgage a court of equity would have required restitution as a condition precedent to relief, and the same right should accrue to plaintiff when the mortgagor seeks to defend.

But we think the argument misconceives the equity rule as to restitution. It is founded upon the equitable maxim that "he who seeks equity must do equity."

The power of a court of equity to enforce this maxim is not conferred by statute, nor is it exercised for the purpose of enforcing any contractual rights. It is the invention of a court of chancery for regulating its own procedure, in the application of which the court, not as an inflexible rule, exercises a discretion as conceived to be in the interest of equity and justice. Interstate Trust & Banking Co. v. National Stockyards Nat. Bank, 200 Ala. 424, 76 So. 356; Grayson v. Goolsby, 224 Ala. 75, 139 So. 106. But it follows, as of course, that the maxim, "he who seeks equity must do equity," is applicable alone to one who is the actor. 21 Corpus Juris 178. "In the first place the rule only applies where a party is appealing to a court of equity in order to obtain some equitable relief." 1 Pom.Eq.Jur., 2d ed., section 386.

Upon this question the authorities appear to be in accord. 21 Corpus Juris 178. And this Court in Carey v. Hart, 208 Ala. 316, 94 So. 298, 300 (a case here much in point), gave application to this very question, as disclosed by the following expression found in the opinion: "Here, however, as has been noted, defendant, whose property was decreed to be subject to a lien to secure complainant's debt, was not the actor in the equity court, and cannot be subjected to the burden of the rule. He brought his action of ejectment to secure his strictly legal right to the possession of his property. He was brought into equity nolens volens, and improperly as the evidence disclosed. In no event could his property be subjected to a lien on account of the void mortgages. To hold otherwise would emasculate the statute. Had he been the actor in equity, a decree requiring payment of these debts as a condition to relief would have been appropriate (Mathews v. J. F. Carroll Mercantile Co., supra [195 Ala. 501, 70 So. 143]), but not so a decree involving the title to his property."

But we need not further pursue the discussion. Here the defendant mortgagor seeks no equitable relief. He merely rests upon his legal right to defend the action at law, and nothing more.

The power of the equity court to require restitution by one who seeks equity has no application to the defendant. And to accept plaintiff's theory of the case would be the equivalent of converting a procedural invention of a court of chancery growing out of an equitable maxim into a right to be enforced by one against another who seeks no equitable relief of any character, and would be inconsistent with the foundation principle upon which the maxim rests. Plaintiff, as we have stated, has no such right.

There was error in transferring the cause to the equity docket, and the bill filed pursuant thereto was without equity. It results, therefore, that the order of transfer is reversed and one here entered denying the motion and dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.