194 So. 669

## BUTLER et al. v. WILSON et al.

### 8 Div. 10.

Supreme Court of Alabama.
March 14, 1940.

222

Marion F. Lusk, of Guntersville, for appellees.

Street & Orr, of Guntersville, for appellants.

**THOMAS, Justice.**

The appeal is under the statute and from an interlocutory decree overruling demurrer to the bill. First National Bank of Opp v. Wise, 238 Ala. 686, 193 So. 131.

A phase of this case, it is alleged in appellants' brief, is reported as Butler v. Wilson, 237 Ala. 312, 186 So. 687, 689. In that case it was held that the power of a court of equity "to require restitution" did not apply to the defendant Wilson; that his theory was equivalent to converting a "procedural invention of a court of chancery * * * into a right to be enforced by one against another who seeks no equitable relief of any character;" that complainant Wilson had "no such right" and there was error in transferring the cause to the equity docket. No question of the right of subrogation was there involved or discussed.

Upon the remandment of that cause, complainant dismissed the ejectment and instituted the instant suit for subrogation. Appellants' counsel insists that this suit is an effort to "avoid" the issue of insanity vel non of the mortgagor's wife by averring only that this appellant claimed that she was insane; that it is expressly averred that complainant Wilson is the holder of the legal title to these lands and is the assignee of the debt (of Butler) to the Federal Land Bank.

The demurrer challenges the facts of the right of subrogation and insists that complainant has a "plain and adequate remedy by ejectment." Cox v. Boyleston, 57 Ala. 270; Jordan v. Phillips & Crew Co., 126 Ala. 561, 29 So. 831 (in equity); Brown v. Hunter, 121 Ala. 210, 25 So. 924 (in equity).

To an understanding of this pleading, challenged by demurrer, we shall observe the character and legal effect of the pleading.

Appellant further insists that it is not a bill under the statute to quiet title, in that it is not averred that there is no suit pending to test and enforce the validity of respondents' title, claim or encumbrance. Code, § 9905; Wisener v. Trapp, 216 Ala. 595, 114 So. 196; Venable v. Turner, 236 Ala. 483, 183 So. 644; Smythe v. City of Homewood, 236 Ala. 159, 181 So. 491; Hinds v. Federal Land Bank of New Orleans, 237 Ala. 218, 186 So. 153.

The instant bill sought relief outside of the scope and purpose of the statute in the claim of subrogation to the amount of the payment of the first and purchase money mortgage of the funds derived by Butler, who mortgaged to the Land Bank. Such was the nature of the pleading in Hinds v. Federal Land Bank of New Orleans, 235 Ala. 360, 179 So. 194.

It is averred that the defendant George D. Butler purchased the land from J. C. Jacobs and gave his purchase money mortgage to secure the unpaid purchase price of said lands; that the Federal Land Bank after taking its mortgage (exhibited) from Butler and wife of date of December 15, 1922, paid from that consideration to J. C. Jacobs the full amount of the balance of that purchase money mortgage to the amount of $897.25 and obtained from him a full satisfaction and release of such superior lien of record and cancelled the same; that thereafter the said Butler's mortgage to the Federal Land Bank was in default and was duly foreclosed in accordance with its terms and the mortgagee became the purchaser at its foreclosure sale. Thereafter, such purchaser duly conveyed to the complainant Jesse A. Wilson, who took possession of a part of the property conveyed by the Butler mortgage and purchased at foreclosure sale and conveyed to Wilson. The defendants, however, have refused to surrender possession of the said lands so mortgaged and foreclosed, purchased and reconveyed, as indicated.

As to this phase of the case, the amended bill avers:

"Now come the complainants and amend their bill of complaint by adding as parties defendant Donnie Butler and Ovena Butler, adult residents of Marshall County, Alabama, and by changing Paragraph Seventh so as to read as follows:

"Seventh: That under his deed from said Federal Land Bank, the complainant Jesse A. Wilson took possession of the SE ¼ of the SW ¼ less ten acres off the South side of Section 23, and the ten acres in triangular shape in the NE corner of the SE ¼ of the SE ¼ of section 22, all in Township 5, Range 3 East, and now has possession of the same, but the defendant refused to give up possession of the balance of said lands described in the fore-

closure deed, and is now in possession of the same through or with Donnie Butler and Ovena Butler, claiming and asserting that his mortgage to the complainant The Federal Land Bank described in Paragraph THIRD was void because the lands therein conveyed were his homestead, and his wife was insane at the time she signed said mortgage. That defendant's wife is dead."

■ The grounds of demurrer are three-fold. The first is that J. C. Jacobs, from whom Butler purchased, was not made a party. His debt and lien had been paid in full from the proceeds of the loan obtained from the Federal Land Bank. Jacobs was not a proper party under the averments of fact contained in the bill seeking subrogation. As original vendor, he was in no way affected by or subjected to liability or loss as averred in the amended bill. 60 Corpus Juris, 831, § 134; United States Fidelity & Guaranty Co. v. Singleton, 206 Ala. 437, 90 So. 296; Singleton v. United States Fidelity & Guaranty Co., 195 Ala. 506, 70 So. 169. Jacobs was not a proper party respondent.

■ Second. It is insisted by demurrer that complainant had an adequate remedy by law. It is affirmed that the rules of law that obtain as to ejectment were not complete and adequate as to the right of subrogation sought to be asserted by the Federal Land Bank and its vendee Wilson. Stone v. Davenport Bros., 200 Ala. 396, 76 So. 312.

■ Third. The bill is further challenged in that it does not allege that Mrs. Butler, the wife of mortgagor, "Was in fact insane." We have indicated the exact verbiage of the amendment to the original bill as to this phase of the case. The decisions of this court as to this are that when a mortgagor repudiates his mortgage on the ground that the land was a homestead and the conveyance was not properly executed or that the wife was insane when she executed the same and did not legally join in the conveyance to the purchaser at foreclosure sale prior to such repudiation, the vendee or such a purchaser at foreclosure will be subrogated to the rights under the prior cancelled purchase-money mortgage, as the challenged mortgage furnished the moneys used in paying off such prior and purchase-money lien. Faulk v. Calloway, 123 Ala. 325, 26 So. 504 (not separate acknowledgment of homestead); Scott v. Land Mortgage Co., 127 Ala. 161, 28 So. 709 (defective execution); Woodruff v. Satterfield, 199 Ala. 477, 74 So. 948, and authorities (a bill by wife to annul mortgage on her half interest in lands mortgaged); Brooks v. Capps, 217 Ala. 375, 115 So. 864; and authorities affecting an unrecorded conveyance and the same in Shields v. Pepper, 218 Ala. 379, 118 So. 549; Gable v. Kinney, 219 Ala. 150, 121 So. 511.

In Shaddix v. National Surety Co., 221 Ala. 268, 271, 128 So. 220, 222, it was declared: "It is very well settled that if the money was advanced for the purpose of discharging a lien, and was used to do so, and that they were to have security on the land, they would be subrogated to the rights of the lienor. Under such circumstances, they would not be volunteers, and their rights would be superior to all those inferior to the lien which they paid. * * *."

Several rules that obtain are stated in Jefferson Standard Life Ins. Co. v. Brunson, 226 Ala. 16, 145 So. 156. See also 25 R.C.L. p. 1322.

■ The effect of our decisions is that the amended bill contained equity in the respects of the right of a purchaser at foreclosure sale, or the vendee thereof, to be subrogated to a prior vendor's lien discharged by the agreement of the mortgagor and mortgagee and according to the intention of the parties. Sutley v. Dothan Oil Mill Co., 235 Ala. 475, 179 So. 819. Upon being confronted with the mortgagor's repudiation of his mortgage by reason of illegality of execution, the right of subrogation arises in behalf of the mortgagee or its vendee.

The claim of illegality as averred was sufficient without the complainant assuming the burden of averring and proving the wife's insanity. The burden of such proof rested upon mortgagor and respondent demurring to the amended bill.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.