# Grandin *v.* Hurt.

### Statutory Real Action in Nature of Ejectment.

1. *Ejectment ; what essential to maintain.*—To maintain ejectment, or the statutory action in the nature of ejectment, the plaintiff must have, at the commencement of the suit, the legal title, and the right of immediate possession.

2. *Mortgagee ; when legal title in.*—A mortgagee has the legal title, and the right of immediate possession, unless the instrument contains a stipulation postponing his right of possession.

3. *Effect of stipulations in mortgage, on mortgagee's right to maintain ejectment (this case).*—The mortgage having been given to secure the payment of a note which the mortgagor had assigned to the mortgagee, and containing a stipulation that the latter should not "institute any proceeding to foreclose," until the maker and indorser had been sued to insolvency, the right to take possession is postponed until the happening of this contingency ; and the mortgagee can not maintain ejectment before that time.

APPEAL from Macon Circuit Court.

Tried before Hon. J. E. COBB.

This action was brought by E. H. Grandin, as executor of John A. M. Battle, deceased, against Wm. H. Hurt, to recover the possession of a tract of land particularly described in the complaint, with damages for its detention ; and was commenced on the 5th March, 1884. The defendant pleaded the general issue and adverse possession for ten years ; and issue was joined on those pleas. The plaintiff deduced title to the premises in controversy through a mortgage executed to his testate by John B. Bilbro on 22d May, 1866. This conveyance, which was introduced in evidence, purported to be given to the said Battle by the said Bilbro to secure the payment of three promissory notes of designated amounts and dates of payment: the first made by W. N. Martin to J. C. Abercrombie and successively endorsed by Abercrombie and Bilbro to said Battle ; the second likewise made by W. N. Martin and payable to R. A. Martin and endorsed through Abercrombie and Bilbro to said Battle ; and the third executed by said Bilbro to Battle on 13th August, 1865, and payable twelve months after date. As re-

[Grandin v. Hurt.]

cited in the bill of exceptions, "John B. Bilbro was introduced by defendant who identified himself as the John B. Bilbro named in said mortgage; he testified that he went into possession of said lands in the fall of 1865, and remained in possession of same until 1878, when the defendant entered under him, the witness. Witness was asked on cross-examination if he had ever paid anything on said mortgage and he answered that he had not, the conditions not having transpired, as he understood the mortgage, on which he was to pay." The stipulation in the mortgage as to foreclosure, relied upon by the defendant in resisting the action, is copied in the opinion. The court instructed the jury, upon the written request of the defendant, that if they believed the evidence they would find for the defendant. This charge, and the admission of certain testimony against the objection of plaintiff, are here assigned as error.

THOS. G. JONES, for appellant.

W. F. FOSTER, *contra.*

SOMERVILLE, J.—In order to maintain the action of ejectment, the plaintiff must have, at the time of suit brought, not only the legal title, but also the right of immediate possession.

As mortgagee, in the present case, he unquestionably had the legal title to the premises sued for, and would be entitled to take immediate possession, if the instrument were silent in its terms on this point. But our construction of the mortgage is, that it postpones the mortgagee's right to take possession, until the happening of a contingency, which is shown not to have transpired; and, for this reason, ejectment will not lie. The express stipulation in the instrument is, that the mortgagee would not "institute any proceedings to foreclose the mortgage," until the maker and endorser of two of the notes had been sued to insolvency. This was necessary in order to establish the liability of the mortgagee, who had assigned these notes by endorsement. It is proved that this condition had not been fullfilled. We do not understand that the word "foreclose" is here used in any technical sense. It must be construed in its popular signification, which is, to enforce by any form of legal proceeding. The implication is clear, that the mortgagor's possession was not to be disturbed, until the happening of the contingency provided for by the terms of the instrument. *McMillan v. Otis,* 74 Ala. 560.

The rulings of the court were in accordance with this construction, and were free from error; and the judgment is affirmed.