# Self v. Blount County.

*Bill to Compel an Accounting by Ex-Treasurer of County and his Sureties, and for Discovery.*

1. *Motion to strike parts of a bill cannot be heard in vacation except on appeal from register.*—There is no statute or rule of practice authorizing the setting down for hearing in vacation before the chancellor on notice a motion to strike out parts of a bill. It is only by appeal from the register that such matter can be brought before the chancellor in vacation.

2. *Motion to dismiss bill for want of equity; when properly overruled.*—A bill, the purpose of which is to compel the respondent as ex-treasurer of the county and the sureties on his two official bonds—one of which was made on his induction into office and the other after an application of one of the sureties on the first bond to be discharged—to an accounting for the misappropriation by him as such treasurer of money coming into his hands as such, belonging to the general fund of the county, and of misappropriation by him of money belonging to the fine and forfeiture fund, and also for the enforcement of a lien given by the statute against the property of the principal for the money so appropriated by him during his term of office, and also for a discovery, contains equity, and a motion to dismiss it for want of equity was properly overruled.

3. *Multifarious; when bill is not.*—A bill is not multifarious in that it seeks an accounting against the defendant for a misappropriation by him as treasurer of a county of two funds;

[Self v. Blount County.]

that is of the general fund belonging to the county and the fine and forfeiture fund of such county.

4. *Bill in equity; when allegations of sufficiently definite.*—Where a bill is filed against a county treasurer averring the receipt by him of a certain amount of money belonging to the general fund of the county, and a conversion or misappropriation by him of a .certain amount of said fund, and also alleging the misappropriation of a certain amount belonging to the fine and forfeiture fund of said county, but not stating at what particular time any particular conversion or misappropriation was made; and from the averments of the bill ·and his manner of keeping his accounts—he having kept one single running account through his entire term in which no balances were struck—it appears it would be difficult if not impossible to allege with any degree of certainty or definiteness at what time or times the conversions or misappropriations may have been made by him—under the circumstances made so by the manner in which the account was kept by the principal in the bonds, the averments in the bill as to the misappropriations of the funds by him as treasurer were sufficiently definite.

APPEAL from the Chancery Court of Blount County. Heard before Hon. J. C. CARMICHAEL.

Bill in equity by Blount county against Self and the sureties on his official bond as treasurer of said county, for an accounting and for the enforcement of lien. The opinion states the facts.

JOHN W. DAVIDSON and W. L. WARD, for appellants.

EMORY C. HALL and R. C. ROBINETT, *contra.*—The sureties on both bonds were properly joined in one suit. *Lott v. Mobile County*, 69 Ala. 697; *Timberlake v. Dallas County*, 54 Ala. 403.

DOWDELL, J.—The appeal in this case is taken from the decree of the chancellor overruling respondents' demurrer and motion to dismiss the bill. The cause was set down for hearing before the chancellor on notice in vacation. The notice given was for a hearing on the demurrer, motion to dismiss for want of equity, and motion to strike certain parts of the bill. The chancellor very properly declined to rule upon the latter motion.

There is no statute or rule of practice authorizing the setting down for hearing in vacation before the chancellor on notice, a motion to strike out parts of a bill. Under rule 35 of chancery practice, exceptions to the bill or answer may be heard before the register in vacation, and from the decision of the register an appeal may be taken to the chancellor. It is only by appeal that such matter can be brought before the chancellor in vacation. Under rule 74, pleas, demurrers, or motions to dismiss for want of equity may be set down for hearing on notice before the chancellor in vacation, but this rule cannot be extended to include exceptions to the bill or motions to strike. As there was no ruling by the chancellor on the motion to strike, there is nothing presented here on that motion for revision by this court.

The purpose of the bill is to compel the respondent, Self, as ex-treasurer of the county of Blount, and the sureties on his two official bonds, to an accounting for the misappropriation by him, as such treasurer, of money coming into his hands as such, belonging to the general fund of the county, and for misappropriation by him of money belonging to the fine and forfeiture fund and also for the enforcement of a lien given by the statute against the property of the principal for the money so misappropriated by him during his term of office; and also for a discovery. There can be no doubt of the equity of this bill.—Code of 1896, § 3078; *Jackson County v. Derrick,* 117 Ala. 348; *Lott v. Mobile County,* 79 Ala. 69; *Dallas County v. Timberlake,* 54 Ala. 403. There was no error in overruling the motion to dismiss the bill for want of equity.

The bill avers the election and induction into the office as county treasurer of the respondent Self, and that he executed as such treasurer, two bonds, the first one upon his induction into office in August, 1892. The second bond was executed by him and his sureties on that bond, in May, 1893, after an application made by one of the sureties on the first bond, under the statute, to be discharged as such surety. The bill avers that during his term of office as such treasurer, he kept but one single running account through his entire term, in which no balances were ever struck. It also avers the receipt by

13

him as such treasurer, during his term of office, of a certain amount of money belonging to the general fund of the county, and a conversion or misappropriation by him of a certain amount of said funds, alleging that at the expiration of his term of office, upon the examination of his accounts, he was shown to be a defaulter for something over $3,000. It also alleges the misappropriation of a certain amount belonging to the fine and forfeiture fund of said county. It is not stated in the bill at what particular time any particular conversion or misappropriation was made by him, and from the averment in the bill as to his manner of keeping his account, it appears that it would be difficult if not impossible to allege with any degree of certainty or definiteness at what time or times the conversions or misappropriations may have been made by him. These are matters which may be shown by the evidence on the hearing and the accounting. Under the circumstances, made so by the manner in which the account was kept by the principal in the bonds, we think the averments in the bill as to the misappropriations of the funds by him as such treasurer, sufficiently definite; and we are also of the opinion that it was not only proper, but important that the sureties on the two bonds should be brought together in one suit, in order that their respective rights and liabilities might be determined.—*County of Dallas v. Timberlake, supra.*

It was decided in the case of the *County of Jackson v. Derrick, supra*, that the fine and forfeiture fund belonged to the county, and that a suit in relation thereto, where the same had been misappropriated or misapplied by the county officials, was properly brought in the name of the county. The bill is therefore not multifarious in that it seeks an accounting against the defendant for a misappropriation by him as treasurer of such county of the two funds, that is, of the general fund belonging to the county, and the fine and forfeiture fund of such county.

We think every other question raised by the demurrer in relation to the fine and forfeiture fund, has been settled by this court in the case of *Jackson County v. Derrick, supra*, and adversely to the respondent. The

[Moody v. Alabama Great Southern Railroad Co.]

chancellor committed no error in overruling the de-, murrer and the motion to dismiss for want of equity. The decree of the chancellor is affirmed.