(103 So. 451)
**ROBERTS et al. v. HUNT.** (6 Div. 358.)

(Supreme Court of Alabama. March 19, 1925.)

1. Judges ⬦➡37—Relative to liability on official bond, judge of probate held authorized to receive from administrator more than $100 for infant distributee.

Relative to liability on the official bond of a judge of probate, he is authorized to receive from an administrator more than $100 as distributive share of an infant; Code 1907, §§ 4477–4481, not being repealed by implication by Acts (Sp. Sess.) 1909, p. 163, some of the provisions of which overlap those of the Code, especially in view of Acts (Sp. Sess.) 1909, p. 166, and Code 1907, § 4480, as amended by Acts 1911, p. 618, and section 5427, making such judge the custodian of money to any amount decreed to be paid by an administrator on a settlement.

2. Judges ⬦➡37—Liability on bond of judge of probate unaffected by irregularity as to time of payment to him or default in taking affidavit.

A fund being such as a judge of probate was authorized to receive in his official capacity, liability on his official bond under Code 1907, § 1500, is unaffected by any irregularity as to time of its payment to him, failure to enter decree, or by any default in not taking an affidavit in due form, or in not taking any affidavit.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Action by Leonard Hunt against W. B. Roberts and others. Judgment for plaintiff and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Russell & Johnson, of Oneonta, for appellants.

An administrator is not entitled to credit for funds distributed, before final settlement, without an order of court. Dickie v. Dickie, 80 Ala. 57; Howard v. Rutherford, 149 Ala. 661, 43 So. 30; Carroll v. Moore, 7 Ala. 615. Paying over the funds to the probate judge was without authority of law, and the official bondsmen of the probate judge are not liable for his failure to turn over the funds to plaintiff on his reaching majority. Dearman v. Radcliffe, 5 Ala. 192; Johnson v. Fort, 30 Ala. 78; Tallman v. Drake, 116 Ala. 262, 22 So. 485; Daniel v. Baldwin, 148 Ala. 292, 40 So. 421; Code 1907, § 2724. The probate judge is not authorized by law to receive in excess of $100 of funds belonging to a minor. Acts 1909, p. 163. The act of 1909 repealed Code 1907, §§ 4478–4480. Levy, Aronson & White v. Jones, 208 Ala. 104, 93 So. 733. At any rate, there was a failure to file an affidavit as required by the statute. Code 1907, §§ 4478–4480.

Ward, Nash & Fendley, of Oneonta, for appellee.

The probate judge must receive funds, not exceeding $200, of a minor not having a general guardian. Code 1907, § 4478. Sections 4478–4470 of the Code of 1907 were not repealed by Acts 1909, p. 163. The affidavit filed with probate judge, being in substantial compliance with the statute, was sufficient. Code 1907, §§ 4477, 4478. Any one sustaining injury may sue on the official bond of the probate judge. Code 1907, § 5415.

BOULDIN, J. This is a suit against the sureties upon the official bond of a judge of probate to recover funds of a minor paid the judge in his official capacity.

[1] A question is raised as to the authority of the judge of probate to receive the fund in his official capacity so as to bind the sure-

ties upon his official bond. The record discloses that on September 18, 1916, W. B. Stewart, as administrator of the estate of A. A. Hunt, deceased, paid to John F. Kelton, judge of probate, $355.07, and took his receipt for same as "the amount of Paul and Leonard Hunt's distributive share in the A. A. Hunt estate." On the same day the administrator filed his sworn account and statement for an annual settlement of the estate. This account showed a distribution of funds as of that date, including $177.52, paid to the judge of probate as the distributive share of Paul and Leonard Hunt, respectively, as minor heirs or legatees. This account was indorsed filed and set for hearing October 9, 1916; also indorsed, "Audited, stated, decree thereon rendered, and ordered recorded, Oct. 9, 1916," signed, "Jno. F. Kelton, Judge of Probate."

One question raised is that the authority of the judge of probate to receive the funds of a minor is limited to $100. Acts (Sp. Sess.) 1909, p. 163. Appellants insist this act repealed, by implication, sections 4477 to 4481, Code of 1907, dealing with the same subject, and fixing the amount at $200. The substance of the act of 1909 is that any person owing or having funds of a minor, having no general guardian, not exceeding $100, may pay the money to the judge of probate of the county of the minor's residence and take a receipt therefor, which operates as a discharge of the debtor, pro tanto. The judge may make an order and pay over the fund to the parent of the minor, if deemed suitable to disburse same, or to the minor in person, if over eighteen years of age. No provision is made for the use of the fund by the judge in the maintenance and support of the minor, nor provision for any record or accounting for the fund. Standing alone, this act appears to make the judge of probate a kind of clearance officer to receive funds in the absence of a guardian and pay them out as directed.

On the same day was approved an act passed by the same Legislature, requiring annual, sworn, and itemized reports by judges of probate, clerks, sheriffs, and registers in chancery of all fiduciary funds in their hands, to be filed, recorded, and open to public inspection. Acts (Sp. Sess.) 1909, p. 166; Code 1923, § 10458 et seq. Fiduciary funds, under this act, "include any sums whatsoever which have come into the hands of such officer and of which he is not the absolute and unqualified owner." Section 2 of act, supra; Code 1923, § 10459.

The provisions of the Code of 1907, § 4477 et seq., are much more inclusive than the act of 1909, first cited above. Funds of minors and of persons of unsound mind are both included. Section 4478 first deals with trust funds due from administrators and guardians, or arising from sales of property by order of court—funds of which the court already has jurisdiction and a responsibility to properly administer. These funds, not exceeding $200, "must," upon settlement, be paid to the Judge of Probate. The judge must also receive funds of the minor "accruing in any lawful manner," when tendered and accompanied by a proper affidavit. The judge shall keep the money safely, and may expend the same in the "maintenance and support" of the minor. Section 4479.

The judge must make final settlement of his accounts and vouchers relating to the fund when occasion arises. Section 4480 (as amended by Acts 1911, p. 618).

Section 4477 declares the judge of probate shall not act as guardian, but by virtue of his office he is made a quasi guardian of these funds to a limited amount. One purpose is to avoid the expense of a general guardianship over small estates of the kind.

The amendment to section 4480, wrought by Acts of 1911, p. 618, is to require the settlement of such quasi guardianship before the clerk of the circuit court instead of the register in chancery. This act is a legislative recognition that the related sections are still in force. Without them it has no field of operation.

The act of 1909 is original in form, makes no reference to the Code provisions, and carries no evidence of an intent to repeal them, except as inferred from its subject-matter. While some of its provisions seem to overlap similar Code provisions, we are not convinced it was intended as a complete revision and substitute for the Code. Each act can be given a field of operation. In such case a repeal by implication is not favored.

But these are not the only statutes authorizing and making it the duty of the judge of probate to receive and account for funds due distributees of an estate.

"Decrees for the payment of money, rendered against any executor, administrator, or guardian, on a partial or final settlement, may be paid to the Judge of Probate, and it is his duty to pay over the same to the person entitled thereto on demand." Code 1907, § 5427.

This statute makes the judge of probate, in his official capacity, the custodian, in a proper case, of such funds to any amount, and whether due to adults or minors.

An administrator, when satisfied an estate is solvent, may so report it and obtain an order of distribution at any time, being still responsible, however, at the suit of creditors of the estate. Code 1907, § 2724.

Or he may, at his election, make payments to one or more heirs on their distributive shares, without an order of court, to be charged to such distributee on final settlement, being liable for overpayment as against either the heirs or creditors. Dickie v. Dickie, 80 Ala. 57.

An official bond is obligatory on the prin-

cipal and sureties thereon, "For the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office as by his failure to perform, or the improper or neglectful performance of those duties imposed by law." Code 1907, § 1500.

The record shows this fund was paid to the judge of probate, as a distributive share of the estate; that on the same day the account for partial settlement approving the distribution was filed; that on the day set the account was passed and allowed and ordered recorded.

[2] The fund being such as the judge of probate was authorized to receive, any irregularity as to time of payment of the fund to him, or his failure to enter on his minutes the decree on partial settlement, does not relieve his sureties of liability for the fund. If treated as received under section 4478, any failure of duty in taking an affidavit not, in due form, or failure to take any affidavit, is no defense to this action.

The judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.