(104 So. 135)

## TENNESSEE VALLEY BANK v. AARON.
(6 Div. 318.)

(Supreme Court of Alabama. April 16, 1925.)

**1. Subrogation ⬤⟿41(5)—Bill of complaint by surety on tax collector's bond for subrogation to county's lien against collector's lands held sufficient.**

Bill of complaint, under Code 1907, § 1491, by surety on tax collector's official bond, for subrogation to county's lien against collector's land and enforcement thereof, held to sufficiently allege facts necessary to establish lien in favor of county and complainant's right to subrogation, by reason of payment of judgment recovered by county on the bond.

**2. Subrogation ⬤⟿35—Taxation ⬤⟿568(8)— Consent to judgment against tax collector and sureties on his official bond held not to affect lien on collector's land and not waiver of surety's right of subrogation to county's lien.**

That tax collector and sureties on his official bond admitted fact and amount of his liability to county, for failure to turn over all taxes collected, and consented in open court to judgment against themselves for the ascertained amount, did not affect lien of county on collector's land, nor was it a waiver by sureties of their right of subrogation.

**3. Subrogation ⬤⟿35—Implied waiver of right by surety arises only when he does some act inconsistent with such right.**

A waiver by implication of surety's right of subrogation arises only when surety does some act inconsistent with his right to have creditors' lien, as by acceptance of independent security.

**4. Subrogation ⊗41 (5)—That defendant's title to tax collector's land acquired through bankruptcy is superior to county's lien defensive matter to be set up by answer or plea.**

In bill by surety on tax collector's official bond for subrogation to county's lien, under Code 1907, § 1491, against collector's lands as against mortgagee obtaining deed to land from collector's referee in bankruptcy, if proceedings in bankruptcy had effect of divesting paramount lien of county, it was defensive matter which bank was required to set up by answer or plea.

Appeal from Circuit Court, Winston County; Ernest Lacy, Judge.

Bill in equity by M. L. Aaron against R. T. Thornton and the Tennessee Valley Bank. From a decree overruling demurrer to the bill, respondent bank alone appeals. Affirmed.

The bill of complaint is filed by one of the sureties on a tax collector's official bond, for subrogation to the county's lien against said collector, and enforcement thereof against his lands.

The bill shows the following:

In November, 1916, R. T. Thornton was elected tax collector for Winston county. On the 27th day of September, 1917, he executed an official bond as such tax collector, with M. L. Aaron and others as his sureties, and entered upon the discharge of his duties October 1, 1917. During his term of office he failed to collect all the taxes due the county or collected them and failed to turn them over to the treasurer, and was checked up "short."

The county brought a suit against said R. T. Thornton, M. L. Aaron, and the other sureties on his said official bond to recover the amount Thornton was due the county as such tax collector. On the 7th day of December, 1923, a judgment was recovered by the said county against the said R. T. Thornton and against said M. L. Aaron and the other sureties on his said tax collector's bond for the sum of $3,818.94 and costs. Thereafter, in the early part of 1924, the said M. L. Aaron, complainant in this case, paid to the county all of the said $3,818.94 and the costs of the case.

None of the other sureties paid anything on the judgment. The said R. T. Thornton either owned at the time he executed said bond or acquired during the term of his office, while the said bond was in force, certain real estate described in the bill filed in this cause. During his term of office, and after he executed his official bond, Thornton mortgaged said real estate involved in this suit to the appellant, the Tennessee Valley Bank. The creditors of Thornton, before the filing of this suit, forced him into bankruptcy, and the bank foreclosed its said mortgage and obtained a deed through the referee to said lands involved in this suit; the bank holding through the said mortgage which it obtained from Thornton after he executed the said official bond.

The appellee, M. L. Aaron, after he had paid and discharged the judgment obtained against the bondsmen of said Thornton, filed the bill in this cause, setting up the facts as above stated, attaching to the bill a copy of the official bond, a copy of the complaint filed in the circuit court against said Thornton and against appellee and others on said bond, and a copy of the judgment obtained against them, making said exhibits a part of the bill. He prays that he be subrogated to the lien of the county against said lands, and that a lien be declared on same, and that same be ordered sold and applied on said judgment so paid, and for general relief.

The appellant filed a demurrer to the bill; the court below overruled the demurrer, and respondent appeals from that ruling.

S. A. Lynne, of Decatur, for appellant.

The bill avers mere conclusions, and is insufficient. Seals v. Robinson, 75 Ala. 363; McKeagg v. Collehan, 13 Ala. 828; Phœnix Ins. Co. v. Moog, 78 Ala. 301, 56 Am. Rep. 31; Greenwood v. Trigg, Dobbs & Co., 154 Ala. 488, 46 So. 227. Consent by appellee to rendition of judgment on the bond constituted a waiver of the right to subrogation. 34 C. J. 130; Watts v. Eufaula Nat. Bank, 76 Ala. 474. Lien against the tax collector was discharged at the end of one year after expiration of his term of office. Code 1923, § 2603.

Curtis, Pennington & Pou, of Jasper, for appellee.

The bond of a tax collector creates a lien upon all property of the principal at the time of execution and after-acquired property. Code 1923, § 2603; Randolph v. Billing, 115 Ala. 682, 22 So. 468; Lott v. Mobile, 79 Ala. 69; Baker v. Scheussler, 85 Ala. 543, 5 So. 328. The surety who pays a judgment is subrogated to all the rights of the county. Code 1923, § 9367; Knighton v. Curry, 62 Ala. 404; Singleton v. U. S. F. & G. Co., 195 Ala. 506, 70 So. 169; Schuessler v. Dudley, 80 Ala. 547, 2 So. 526, 60 Am. Rep. 124; Callen v. Schuessler, 86 Ala. 530, 5 So. 795; Bragg v. Patterson, 85 Ala. 233, 4 So. 716; Watts v. Eufaula Bank, 76 Ala. 474; 3 Pom. Eq. Jur. § 1419.

SOMERVILLE, J. [1] The bill of complaint sufficiently alleges every fact necessary to establish a lien in favor of Winston

county upon the lands of R. T. Thornton, by reason of his breaches of his official bond. Section 1491, Code of 1907; section 2603, Code 1923. It also sufficiently alleges every fact necessary to establish complainant's right to subrogation to the lien of the county, by reason of his payment of the judgment recovered by the county against Thornton and the several sureties on his bond. Cummings v. May, 110 Ala. 479, 20 So. 307; Randolph v. Brown, 115 Ala. 677, 22 So. 524; Singleton v. U. S. F. & G. Co., 195 Ala. 506, 70 So. 169; Watts v. Bank, 76 Ala. 474.

[2, 3] The fact that Thornton and his sureties admitted the fact and amount of his liability, and consented in open court to a judgment against themselves for the ascertained amount, had no effect on the lien of the county, and was in no possible aspect a waiver by the sureties of their right of subrogation. Cummings v. May, 110 Ala. 479, 485, 20 So. 307. A waiver by implication arises only when the surety does some act inconsistent with his right to have the creditors' lien, as by the acceptance of independent security. Watts v. Bank, 76 Ala. 474.

[4] The bill shows that Thornton was adjudged a bankrupt, and that the respondent bank "obtained some kind of a foreclosure or trustee deed from said court, or foreclosed its said mortgage on said lands, and that it holds said lands under said mortgage, or under foreclosure deed, or under a deed received through the bankrupt court." This allegation does not show, by inference or otherwise, that respondent thus acquired a title divested of the paramount lien of the county. If the proceedings in bankruptcy could have had, and did have, such a result that is defensive matter which must be set up by answer or plea.

Section 1491, Code 1907, which declares the lien of official bonds, has been brought forward as section 2603 in the Code of 1923, with the added provision that:

The "lien is discharged at the end of one year after the expiration of the term of office of the principal if no unsatisfied judgment exists against said bond, and no suit is pending thereon."

This limitational provision, however, did not become operative until August 17, 1924, and can have no application to this case.

We think the demurrer to the bill was properly overruled, and the decree in that behalf will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.