(110 So. 24)

HARBIN v. AARON.   (6 Div. 493.)

(Supreme Court of Alabama. June 30, 1926. Rehearing Denied Nov. 11, 1926.)

1. Estoppel ⬅52.

Estoppels must be mutual.

2. Judgment ⬅682(1).

Purchaser of land from defaulting tax collector, after county's lien on his bond had attached, held not innocent third party; property being subject to same liabilities as when in vendor's hands.

3. Subrogation ⬅7(3).

Surety on tax collector's bond, paying county's claim on default of collector, was subrogated to county's claim and lien against defaulting officer's property, in view of Code 1923, § 9567.

4. Taxation ⬅568(1).

Lien of bond of defaulting tax collector held not restricted to land within county where collector served, in view of Code 1923, § 2603, governing bond liens.

5. Subrogation ⬅41(5).

Surety's bill to enforce lien on defaulting tax collector's property, not alleging that surety had not been repaid, held sufficient; reimbursement being defensive matter, for respondent to plead.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Bill in equity by M. L. Aaron against R. T. Thornton and W. O. Harbin. From the decree overruling defendants' demurrers, respondent Harbin alone appeals. Affirmed.

This appeal is from a decree rendered in the circuit court of Walker county, in equity, overruling demurrer of appellant, Harbin, to the bill of complaint filed by appellee, Aaron, against Harbin and R. T. Thornton. The bill alleged the execution of a bond by Thornton, as tax collector for Winston county, Ala., and by Aaron and others as his sureties. It alleges the election of Thornton as tax collector for Winston county in November, 1916, and the execution of a bond by Thornton and Aaron and the other sureties on September 27, 1917, and the approval of the bond on October 1, 1917, and that after Thornton entered upon the discharge of his duties he breached the bond, in that he failed to collect taxes or failed to turn over taxes collected, and that in October, 1923, Winston county filed suit against the bondsmen and obtained a judgment in the sum of $3,818.94, which was thereafter paid by Aaron, complainant below, who was one of the sureties.

The complainant prays to be subrogated to an alleged lien of Winston county on a lot located in Nauvoo, Walker county, Ala., which the bill avers was owned by Thornton during his term of office, but had been conveyed by Thornton to B. J. Cowart, and by Cowart to Harbin, this appellant. The bill sets out the bond alleged to have been executed by complainant, Aaron, and the other sureties, along with Thornton, the principal. The bond sets out that Thornton was elected tax collector "in precinct No. ———," in Winston county, Ala., in November, 1916, and was conditioned for the faithful discharge by Thornton of the duties of such office.

The bill was filed against Thornton and Harbin jointly; Thornton being the principal in the bond above referred to, and Harbin being present owner of the lot of land in Walker county alleged to have been owned by Thornton while he was tax collector of Winston county. Harbin and Thornton separately filed demurrers to the bill. The demurrers raised many questions, and among these are: (1) That no lien in favor of Winston county against the Walker county property is shown; (2) that no lien in favor of complainant is shown; (3) that no right of subrogation in favor of complainant is shown; (4) that the so-called bond alleged to have been executed is shown by the bill to have been void, the invalidity, for one thing, being that the bond showed on its face that it recited the election of Thornton, not as tax collector for Winston county, but only for a precinct in said county, and it was conditioned for the discharge of duties as a precinct officer,

and not as a county officer; (5) that the bond of Thornton as an official of Winston county, recorded only in Winston county, did not fasten a lien on property which may have been acquired by Thornton in Walker county; (6) that the bond is shown by the bill to have been void, because not executed by the 1st day of September, 1917, as required by statute at that time; (7) that it was not shown to have been filed by the 1st day of September, 1917, and not shown to have been approved by the 1st day of September, 1917, and that therefore Thornton had lost his right to the office of tax collector of Winston county, to which the bill alleges he had been elected; that the office had become vacant, and that his assumption of the office after it so became vacant was an unlawful intrusion; (8) that the execution of the bond by Aaron as a surety assisted Thornton in the usurpation of the office, and that Aaron, therefore, does not come into equity with clean hands in asking to be subrogated to an alleged lien of Winston county; (9) that the act of Aaron in assisting, aiding, and abetting Thornton in the usurpation of a public office was a wrong, and that, if Aaron sustained any loss or suffered any injury, such loss or injury was sustained or suffered by virtue of Aaron's wrong, and that he cannot visit that wrong upon an innocent third party; (10) that subrogation is an equitable remedy purely, and that it cannot be invoked for the relief of any one who suffers by his own wrong; (11) that, though the so-called bond signed by complainant below was binding on him, as well as the principal and all other sureties, this is true only by the doctrine of estoppel, which cannot be applied in favor of the obligors and against a third party; (12) that a court of equity will not permit complainant below, who suffered because of his own wrong, to invoke the doctrine of estoppel, which applied only against him and his cowrongdoers, against a third party.

The demurrer also raises the point that the bill fails to allege that Thornton, the principal in the bond, now has no property subject to the lien of the bond, or that Thornton is insolvent; the theory of this ground being that, if Thornton has property subject to the alleged lien of the bond, Aaron should first proceed against it, and, if he has no such property, Aaron should so allege in his bill. The demurrer of Harbin also raises the question of the failure of the bill to allege that Aaron has not been repaid the money he expended in satisfying the judgment obtained in favor of Winston county against the bondsmen.

A. F. Fite, of Jasper, for appellant.

Thornton's failure to file bond at the time required vacated his office, and he was a usurper. Acts 1915, p. 143; Code 1907, §

1498; Beebe v. Robinson, 52 Ala. 66; State v. Tucker, 54 Ala. 205; Fox v. McDonald, 101 Ala. 51, 13 So. 416, 21 L. R. A. 529, 46 Am. St. Rep. 98; Thompson v. Holt, 52 Ala. 491. Appellee, as Thornton's surety, helped him to usurp the office, and does not come into equity with clean hands. Plowman v. Henderson, 59 Ala. 559; Adams v. Olive, 57 Ala. 249; Harton v. Little, 188 Ala. 640, 65 So. 951; Baird v. Howison, 154 Ala. 366, 45 So. 668; Trible v. Nichols, 53 Ark. 271, 13 S. W. 796, 22 Am. St. Rep. 190; 21 C. J. 182. Subrogation cannot be applied to the relief of one who suffers because of his own neglect or wrong. Starke v. Bernheim, 102 Ala. 467, 14 So. 770; Randolph v. Billing, 115 Ala. 682, 22 So. 468. It is only on the ground of estoppel that a bond not filed in time is held binding on the makers; the estoppel cannot be invoked by the makers to enable them to recoup against others. Fidelity & Dep. Co. v. Mobile County, 124 Ala. 147, 27 So. 386; McKissack v McClendon, 133 Ala. 558, 32 So. 486; Williamson v. Woolf, 37 Ala. 298.

R. A. Cooner, of Jasper, for appellee.

There was sufficient compliance with the requirement as to filing official bond. Acts 1915, p. 447. When appellee paid the judgment, the law assigned same to him with all the rights and liens of the county. Code 1907, § 5408. The bond of the tax collector is a lien upon all the property he has from the date of its execution and after-acquired property. Code 1907, § 1491; Randolph v Billing, 115 Ala. 682, 22 So. 468; Lott v. Mobile, 79 Ala. 69; Baker v. Schuessler, 85 Ala. 543, 5 So. 328. A surety who has paid a judgment may enforce his lien against a purchaser from the defaulting officer. Singleton v. U. S. F. & G. Co., 195 Ala. 506, 70 So. 169. Respondent is a privy, having succeeded to the rights of property of Thornton. 34 C. J. 526, 1010. Failure to file bond did not vacate the office. Thornton's acts were good as a de jure officer. Sprowl v. Lawrence, 33 Ala. 674; State v. Ely, 43 Ala. 568; State v. Falconer, 44 Ala. 696.

SOMERVILLE, J. The case of Tennessee Valley Bank v. Aaron [Aaron v. R. T. Thornton and Tenn. Valley Bank] 213 Ala. 29 104 So. 135, was a suit in equity by the complainant herein for subrogation to the county's lien on the land of Thornton, defaulting tax collector, conveyed by him to Tennessee Valley Bank; Thornton being identical with the Thornton here involved, and Aaron being a surety on the identical bond here involved. So far as essential allegations are concerned, the bill of complaint herein substantially follows the bill of complaint in that case, where we held that it sufficiently alleged every fact necessary to establish a lien in favor of Winston county, and also to establish complainant's right to subrogation to the lien

of the county, by reason of his payment of the judgment recovered by the county against Thornton and the several sureties on his bond.

Most of the grounds of objection urged against the bill herein are based upon a single fact, apparent upon the face of the bill, viz. that Thornton executed and filed his official bond after September 1, 1917, the time within which he was required by law to file it; the theory of the demurrer being that the office was thereby rendered vacant, that Thornton took and held the office without right, and was an intruder and usurper merely, and that his official bond, the foundation of Aaron's equity asserted herein, though binding on the principal and sureties, on the principle of estoppel, in favor of the obligee and any person who might be aggrieved by its breach, was not binding on third persons, and could give no rights *to* the obligors against such persons. These objections to the bill of complaint were not made in Tenn. Valley Bank v. Aaron, supra, and of course were not considered.

[1, 2] We have read with care and interest the ingenious arguments presented by counsel for appellant in support of these grounds of demurrer. They are grounded, we think, upon two fundamental errors: (1) They overlook the principle that estoppels are and must be mutual; and (2) they assume that a purchaser of the defaulting officer's property is an *innocent* third person. On the contrary, such a purchaser stands in privity with his vendor. As to the property purchased, his rights are exactly the same as the rights of his vendor, and the property is subject to the same liabilities to which it was subject in the hands of his vendor. When the county recovered a judgment against Thornton and his sureties, it conclusively established the fact and amount of its lien upon the property of Thornton, not only against Thornton, but also against his privies in estate—all persons who claimed title through Thornton by purchase after the lien of the bond had attached to his property. Comer v. Shehee, 129 Ala. 588, 595, 30 So. 95, 87 Am. St. Rep. 78; 34 Corp. Jur. 1010, § 1432.

[3] It is conceded that the bond was effective in favor of the county, and that the county, by virtue of the bond, acquired a lien upon the property of Thornton to the extent of his defalcations. The only question, then, is whether Aaron's payment of the county's judgment against Thornton entitled him to subrogation to the county's claim as judgment creditor against the defaulting officer. Section 9567 of the Code (section 5408, Code of 1907) declares:

"Whenever a judgment is obtained by a creditor on a demand to which there are one or more sureties, the sureties may pay such demand; and the same shall by operation of law be transferred to the surety or sureties paying or satisfying such demand, who shall have all the liens or equities of such judgment or decree and of the debt or claim on which the same is founded, * * * and may assert, in law or in equity, any lien or right against the principal debtor, which the plaintiff could have asserted if the debt had not been paid. * * *"

This provision is unquestionably applicable here, and is, indeed, but an elaboration of the general equitable doctrine of subrogation, often recognized and enforced by this court.

[4] The objection that the land here sought to be subjected to the lien of the bond lies in another county than Winston, wherein the defaulting officer served, and is therefore not within the operation of the statute creating the lien, cannot be sustained. The statute (section 1491, Code of 1907; section 2603, Code of 1923) makes the bond "a lien upon the property of the principal from the date of its execution." It does not restrict the lien to property within the county of the officer's domicile, and the courts are without authority to ingraft such a restriction upon it.

[5] Nor is there any merit in the objection that the bill does not allege that Aaron has not been reimbursed for the money paid by him to the county in satisfaction of its judgment. There is no presumption of such a reimbursement, and it is defensive matter, to be alleged and proved by respondent, if it be a fact.

For the reasons stated, we hold that the demurrer to the bill was properly overruled, and the decree will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.