(117 So. 32)

ROEBUCK et al. v. ROBERTS et al.
(6 Div. 938.)

Supreme Court of Alabama. May 10, 1928.

1. Subrogation ⬅️32—Right of sureties to subrogation to lien of probate judge's official bond held determinable by old law, where judgments were recovered before new Code became effective (Code 1907, § 1491; Code 1923, § 2603).

Where judgments were recovered against judge of probate on his official bond before 1923 Code became effective under Governor's proclamation, right of sureties on probate judge's bond to subrogation to lien of judge's creditors was determined by Code 1907, § 1491, making the bond a lien on judge's property, and not by Code 1923, § 2603, which discharges lien at end of one year after expiration of term of office.

2. Judges ⬅️37—Property owned by probate judge during term is subject to lien of official bond (Code 1907, § 1491).

Property which is owned by judge of probate during his term of office is subject to lien of probate judge's official bond under Code 1907, § 1491.

3. Constitutional law ⬅️161—Lien of claimants recovering judgment on probate judge's official bond held not impaired by subsequent legislation, obligation being contractual (Code 1907, § 1491; Code 1923, § 2603; Const. 1901, § 22; Const. U. S. art. 1, § 10).

Lien of persons recovering judgment on official bond of judge of probate under Code 1907,

§ 1491, held not destroyed by subsequent enactment, after acquisition of lien, of Code 1923, § 2603, which discharges lien at end of one year after expiration of term of office, since lien of creditors after it accrued or attached under the contract and statute could not be destroyed without impairing obligation of contract under Const. 1901, § 22, and Const. U. S. art. 1, § 10.

4. Subrogation ⬅️32—Sureties on probate judge's official bond held entitled to subrogation to lien acquired by judge's creditors, notwithstanding subsequent limitation of time for recovering judgment on bond (Code 1907, § 1491; Code 1923, § 2603).

Since lien created by Code 1907, § 1491, was effective from date of execution and approval of official bond of probate judge, and statute contained no limitation for bringing suits thereon, sureties, after claimants had recovered on bond, were entitled to subrogation to the lien and to the sale of lands of the probate judge, notwithstanding enactment of Code 1923, § 2603, after judgment on the bond had been recovered.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Bill by W. B. Roberts, D. R. Blackwood, and B. M. Bains against J. W. Roebuck and L. O. Morrow. Decree for complainants, and defendants appeal. Affirmed.

It appears that Leonard and Paul Hunt sued Roberts, Blackwood, and Bains, as the sureties on the official bond of one Skelton, as judge of probate, for failure of that official to account for certain moneys, and obtained judgments which were affirmed on appeal. 212 Ala. 475, 477, 103 So. 451. The present bill alleges that said Skelton owned certain described property; that said Leonard and Paul Hunt had a lien upon said property to the extent of their claim against said Skelton; that said property was conveyed to Roebuck and Morrow, defendants here at the time said property was impressed with said lien; and that these complainants are entitled to subrogation and to a sale of said land. There was a decree for complainants, and the defendants have appealed.

Nash & Fendley, of Oneonta, for appellants.

To give the court jurisdiction of the subject-matter in this case, Skelton must have been made a party to the suit. The power that creates may destroy, and any right which is the mere creature of the legislative power may be taken away, unless in the creation of it there is some element of contract. Albes v. Southern Ry. Co., 164 Ala. 356, 51 So. 327. The lien created under the official bond of the judge of probate is discharged one year after the expiration of the term of his office, if no unsatisfied judgments exist against said bond and no suit is pending thereon. Code 1923, § 2603.

J. T. Johnson, of Oneonta, for appellees.

It was not essential to complainants' rights that Skelton be proceeded against. Knighton v. Curry, 62 Ala. 404. This lien is a lien by contract, and could not be destroyed by the Legislature. Knighton v. Curry, supra; Ala. Const. 1901, § 22; U. S. Const. § 10, art. 1. The judgment was obtained before the passage of the limitation statute, and section 2603 of the Code of 1923 has no application to this case. Tenn. Valley Bank v. Aaron, 213 Ala. 29, 104 So. 135.

THOMAS, J. [1] The judgments were recovered against the judge of probate on March 19, 1924, before the present Code went into effect on August 17, 1924. See Governor's proclamation. Hence the provisions of section 1491 of the Code of 1907 governed, and not the further limitations contained in section 2603 of the Code of 1923, as follows:

"* * * But said lien is discharged at the end of one year after the expiration of the term of office of the principal if no unsatisfied judgment exists against said bond, and no suit is pending thereon."

The case of Roberts v. Hunt, 212 Ala. 475, 103 So. 451, was affirmed by this court, and appellees as sureties on said official bond were required to pay for defalcations of that official. Hence they file the present bill for subrogation as provided by statute of force when judgment was rendered.

[2] The asserted fact that there can be no lien against the property of said judge of probate, that was owned by him during his term of office, was decided adversely to appellant's contention in Knighton v. Curry, 62 Ala. 404. Mr. Chief Justice Brickell declared:

"The sureties of a defaulting tax collector, who have been compelled to make good the default of their principal, are entitled to be subrogated to the rights of the state or county, and to have the lien created by the bond in favor of the state or county enforced for their indemnity; and this, though the collector, who was absent from the state, was not proceeded against by the state or county, and the sureties paid the judgment against them for their principal's default; and such lien attaching from the execution of the bond may be enforced against the property of their principal in the hands of the purchasers, who are charged by law with notice of the lien."

[3] It is then insisted by appellants that the Legislature has the right, by the limitation contained in statute, section 2603 of the Code of 1923, to destroy appellees' lien sought to be enforced. The case of Albes v. Southern R. Co., 164 Ala. 356, 51 So. 327, is cited, and it is declared that where there was no element of a contract, and except as restrained by the Constitution, the Legislature has absolute power and may abrogate any right created by it that has not become property which cannot be taken without compensation. Hamilton v. Alabama Power Co.,

195 Ala. 438, 70 So. 737. However, it is said of the nature of the official's bond and the lien attaching thereunder and thereby that:

"We had occasion to consider and pass upon this statutory provision in Dallas County v. Timberlake, 54 Ala. 403, and we held the lien it creates is not like that of a judgment or execution of a court of law, a mere legislative remedy, or the mere incident of a judgment, created by legislation, 'but a tax collector's bond being a contract, by which the law has previously declared liens shall be created, its liens are liens by contract, on the part of the persons who execute the bond, as much as that of a mortgage would be. Such lien is intended, also, to be a security quite as effectual for the benefit of the state and county, from the time the lien operates, as a mortgage would be to a mortgagee, with this difference, that it would not, as a mortgage might, give a right of action at law, but can be carried into effect, as a specific lien, in a court of equity only.'" Knighton v. Curry, 62 Ala. 404, 407; Dallas County v. Timberlake, 54 Ala. 403, 412.

The Legislature could not destroy such a contract lien after it had accrued or attached under the contract and statute, since it would impair the obligation of a contract. Section 22, Constitution of Alabama 1901; section 10, art. 1, Constitution of the United States.

[4] The lien, created by statute and entered into the giving of the official bond, was effective from the date of its execution and approval (section 1491, Code of 1907; and the statute did not contain the limitation of one year in which suits may be founded thereon. Appellees' contract rights as sureties attached, and, the judgment having been obtained on the bond within the time then provided by law, were efficacious for the present suit for subrogation. Tenn. Valley Bank v. Aaron, 213 Ala. 29, 104 So. 135; Cummings v. May, 110 Ala. 479, 20 So. 307; Randolph v. Brown, 115 Ala. 677, 22 So. 524; Singleton v. U. S. F. & G. Co., 195 Ala. 506, 510, 70 So. 169; Watts v. Eufaula National Bank, 76 Ala. 474; Schuessler v. Dudley, 80 Ala. 547, 2 So. 526, 60 Am. Rep. 124.

The judgment, as we have indicated, was recovered against sureties on the official bond, in question, before the amendment of the statute by the adoption of the Code of 1923, and thus the rights of complainants were unaffected thereby. Moreover, its status was recognized by the safeguarding clause, that the statute did not apply to pending suits, and such it was. Section 2603, Code of 1923. That is to say, if the statute had application, the plain language thereof recognizes and indicates the rights of appellees to be subrogated to the lien of plaintiffs in the main suit subjecting them as sureties on said official bond.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.