(123 So. 229)

COWART et al. v. AARON. (6 Div. 346.)

Supreme Court of Alabama. June 27, 1929.

Williams & Chenault, of Russellville, and J. A. Posey, of Haleyville, for appellants.

Davis & Curtis, of Jasper, for appellee.

FOSTER, J. ■■ Merely as a preliminary statement leading to the result reached on this appeal, we refer to some well-known principles affecting ejectment suits under the statute. The plaintiff must show facts or muniments of title from which the law attributes to him the legal title, with the immediate right of possession. The entire inquiry is whether plaintiff has the legal title with such right to possession. Such title may be presumed from prior possession of a proper nature or from sufficient muniments of title. But the result must lead to the legal title and be sufficient for that purpose.

■ When one executes a mortgage on his land the legal title passes together with the right in the mortgagee to immediate possession, unless this right is postponed by the mortgage to the law day thereof. If so postponed, then the mortgagee has such right of possession after the law day, and has the legal title from the date of the mortgage. Woodward v. Parsons, 59 Ala. 625; Grandin v. Hunt, 80 Ala. 116; Coffey v. Hunt, 75 Ala. 236; Brown v. Loeb, 177 Ala. 106, 58 So. 330; Jackson v. Tribble, 156 Ala. 480, 47 So. 310.

■■ As against all the world, except the mortgagee, a mortgagor in possession is possessed of the legal title, but not so as to the mortgagee. Hamilton v. Griffin, 123 Ala. 600, 26 So. 243; Allen v. Kellam, 69 Ala. 447. So that a mortgagor may execute a second mortgage or convey the land to another, thereby again conveying the legal title as between such mortgagor and such other; but such other party does not acquire a title which is treated as legal in a controversy with the first mortgagee any more than if the controversy were between the first mortgagee and the mortgagor himself.

■ It follows that neither the mortgagor nor any one acquiring his title with notice of the mortgage can maintain ejectment against the mortgagee in possession after the law day or before such day if his right to possession has not been postponed by the mortgage.

■■ The plaintiff, appellee, was a surety on the bond of the tax collector (Thornton) who executed a first mortgage to appellant, apparently subject to a lien on his property under section 2603, Code of 1923, or 1491, Code of 1907, then in effect. Thornton, the tax collector, executed a second mortgage to the Tennessee Valley Bank. Plaintiff, one of the sureties, paid up a judgment in favor of the county against Thornton, and the sureties on his official bond, and became subrogated to the lien of the county. Harbin v. Aaron, 215 Ala. 218, 110 So. 24. He filed a bill to enforce the lien on the property involved in this suit, and other property, making Thornton and the bank the only parties, and did not include appellant or the county. This resulted in a decree enforcing the county lien in his favor by subrogation as superior to the bank's mortgage, ordered the property sold, and plaintiff became the purchaser. Tenn Valley Bank v. Aaron, 213 Ala. 29, 104 So. 135. The record, evidently by mistake, contains a deed to a purchaser of a different lot and not the deed to appellee of the lot in question. But counsel make no point on this, and we will treat the case as counsel have done, assuming such a deed. Appellant objected to evidence of the proceedings in this case. But we think it was proper as showing the source of title of appellee and would be sufficient to sustain ejectment, assuming title in Thornton, as against one who does not show a superior title from him. The evidence was therefore properly admitted. But its effect upon the title depends upon the status of appellant's interest otherwise considered, as he was not a party to that suit.

■ The fact that the lien of the county may be superior to appellant's mortgage under section 2603 (1491) Code is not sufficient to show a superior legal title capable of sustaining ejectment against the mortgagee. The lien of the county was not a legal title, but was only enforcible in equity. Dallas Co. v. Timberlake, 54 Ala. 403; Knighton v. Curry, 62 Ala. 404; Self v. Blount Co., 124 Ala. 191, 27 So. 554.

■ The effect of the proceedings in equity by appellee against Thornton and the bank was only to vest in him such right and title as they had. One of them had the equity of redemption not sufficient to sustain ejectment against appellant, and the other a mortgage inferior to that of appellant. Though the equitable lien of the county to which appellee was subrogated may be superior to the mortgage of appellant, it was only a lien, and its status as such was never changed except as to the parties to the suit. By it appellee only acquired their rights. It is as though the county, the mortgagor, and the bank had transferred their interest to appellee. None of them had a right which would support ejectment against appellant. It was but a combination of interests, all without a legal title so far as appellant was concerned. By such combination they could not create a legal title out of conditions in which it did not exist. Based upon the title so acquired, it is our conclusion that the court should not have rendered judgment in favor of appellee against appellant.

The original complaint in this case described the property sued for as the south 20 feet of lots 16 and 17, etc., on which there was alleged to be a house and lot, where defendant has a store. By an amendment a count was added claiming the south 40 feet of lots 16 and 17, etc., and it was alleged that there was on it a double storehouse where defendant now has a store. Appellant claims that this was not such an amendment as the law allows, and it should not have been permitted over his objection and exception.

This question as applied to ejectment has been fully treated under our statute, and it is concluded that whether the new count relates to the same transaction, property, and title is a question of law, if apparent upon the face of the pleading; if not, it is a question of fact to be determined by the jury or judge sitting as a jury. Code 1923, § 9513; Lost Creek Coal & M. L. Co. v. Hendon, 215 Ala. 212, 110 So. 308; First Nat. Bank. v. Morgan, 213 Ala. 125, 104 So. 403; Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916; Brown v. Loeb, 177 Ala. 106, 58 So. 330. It appears that all the court proceedings and muniments of title and evidence refer to the property as the south 40 feet, and not the south 20 feet. We conclude therefore that the court properly overruled the objection to the amendment and from the evidence properly found as a fact that it related to the same transaction, property, and title (section 9513, Code) as the original complaint.

We also think it is apparent that whether the landlord is made a party under section 7454, and joined in the suit by the plaintiff, or on motion of defendant under section 7458, if judgment goes for the plaintiff against him, it is proper to render judgment for the whole cost, including that which accrued prior to the time when he was made a party. The only judgment for costs which appears in the record is that embraced in the final judgment, though some reference is made to an order not shown in the record.

We conclude that for the error in rendering judgment for appellee, such judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.